Day, J.
 

 Defendants in error concede that all necessary parties were named in the petition as provided by Section 12080, General Code. They contend, however, that defendant Josey Palm, devisee-legatee under the will, is not united in interest with all her co-defendants and that consequently service of summons upon her does not constitute commencement of the action against her co-defendants.
 

 Now what constitutes commencement of an action to contest a will within the meaning of Section 11230, General Code?
 

 Section 10504-32, General Code, provides: “If within six months after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding, saving, however, to persons under any legal disability, the like period after such disability is removed, but the rights so saved shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to a duly appointed fiduciary or to any other person.”
 

 Section 11230, General Code, provides: “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. * * *”
 

 In construing Section 11230, General Code, every reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court. The key words in that statute are “united in interest.” Wherever possible, these will be construed liberally
 
 *95
 
 in order that the right to sue may be maintained rather than denied.
 

 Accordingly we hold that in an action to contest the validity of a will, the legatee-devisee defendants are so united in interest as to render service of summons upon any one of them within the time set by statute sufficient to constitute commencement of the action against all of them, thereby giving the court jurisdiction over the entire estate; for when the court obtains jurisdiction over an estate it does so in its entirety and not in fractions.
 
 Bradford
 
 v.
 
 Andrews,
 
 20 Ohio St., 208, 5 Am. Rep., 645. In such case the court acquires jurisdiction not only over the
 
 rem
 
 but also over all those who have, or claim to have, an interest therein, and the right of action is saved as to all who are ultimately served, including the executor, notwithstanding the fact that the rest of such defendants are served after the expiration of the period of limitation.
 

 “Where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired.”
 
 Bradford
 
 v.
 
 Andrews, supra,
 
 first paragraph of the syllabus.
 

 “If any person interested appears, and in good faith files his petition for a contest, the statute, entitles him to a trial, and the verdict of a jury, touching the validity of the will; and that verdict will be binding upon all parties who may be before the court as such, at the time of its rendition. The interest of the parties is joint and inseparable. Substantially this is a proceeding
 
 in rem,
 
 and the court cannot take jurisdiction of the subject-matter by fractions. The will is in'divisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save
 
 *96
 
 the right of action therefore to one is necessarily to save it to all. The case belongs to that class , of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be quite well settled law, that the preference will in such cases be given to the right of action, and not to the right of limitation. The right to sue is a favored right, and is guaranteed by constitutional provision, while the right of limitation generally meets with more or less disfavor.”
 
 Bradford
 
 v.
 
 Andrews, supra.
 

 Service of summons upon one of the legatee-devisee defendants is to be deemed commencement of the action ás to each of the defendants of that class, and also the executor. Actual service can thereafter be made upon the remainder of the defendants.
 

 This principle is not contrary to that laid down in the case of
 
 McCord
 
 v.
 
 McCord,
 
 104 Ohio St., 274, 135 N. E., 548. In that case this court held that the members of the legatee-devisee class are not so united in interest with the executor as to render service upon the executor sufficient to constitute commencement of action against them. In effect it holds that you cannot move the substance by attempting to move the shadow. This court does not therein hold that an action would not be deemed commenced if service were had on a defendant who is a member of the legatee-devisee class, that question not having been before this court in that case and therefore not there decided. Consequently, the
 
 McCord case
 
 is not authority for the instant case.
 

 The instant case decides that service upon one of the legatee-devisee class binds, as to the commencement of the action, not alone the entire legatee-devisee class, but binds also the executor, for the reason that the shadow follows the substance.
 

 We deem this action commenced within the mean
 
 *97
 
 ing of Section 11230, General Code, and therefore hold that the court erred in dismissing the same.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams and Jones, JJ., concur.
 

 Stephenson, Matthias and Zimmerman, JJ., dissent.