## COUGHLIN v PASSIONIST MONASTERY OF THE HOLY CROSS et

Ohio Appeals, 1st Dist, Hamilton Co

No 5427.    Decided May 31, 1938

Creed & Creed, Cincinnati, for appellant.
Harmon, Colston, Goldsmith & Hoadly, Cincinnati, Morris E. Bristol, Cincinnati, Anthony B. Dunlap, Cincinnati, Edward J. Dempsey, Cincinnati, Walter A. Ryan, Cincinnati, for appellees.

### OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas 'of Hamilton County.

The action here under consideration was one to contest a will. A motion was filed to dismiss the petition because the action was not commenced within six months from the probate of the will, sought to be contested.

It appears from the pleadings and transcript before us, no bill of exceptions having been filed, that the will was probated May 20th, 1937, that the petition to contest was filed November 19th, 1937, and that a praecipe for summons was added to the petition. The petition was filed with the clerk on November 23rd, 1937, and an amended petition filed December 4th, 1937. Summons on the amended petition was issued December 4th, 1937, returnable December 13th, 1937—the summons was returned—the indorsement stating that the same was received December 4th, 1937, and service made upon some of the many defendants December 8th, 1937. Motion to dismiss the action was made December 20th, 1937. Affidavit for service by publication was filed December 23rd, 1937, and entry for such service made the same day. Proof of publication was made January 11th, 1938. The action was dismissed January 28th, 1938. The proof of publication shows that the first publication was made January 10th, 1938.

The question presented is, was the action properly dismissed? Otherwise stated—had six months expired from the date of probate before summons was issued? Excluding the day of probate, the last day would have been November 21st, 1937—as this was Sunday, the last day for commencing the action was Monday, November 22nd, 1937.

No action was taken upon the praecipe added to the original petition filed November 19th, 1937. A new praecipe was attached to the amended petition, and it may be considered that the petition and first praecipe were abandoned.

It is claimed, however, that the action was in effect commenced under the provisions of §11231 GC. This section, as was §11230 GC, is inapplicable to the instant proceeding, which is governed by the provisions of §§12087 and 10504-32, GC, which are found in an entirely different division of the Code from §§11230 and 11231, GC, which by their provisions are only applicable to the provisions of the Chapter in which they appear.

In construing the provisions of §12087, GC, the Supreme Court in McVeigh et v Fetterman et, 95 Oh St 292, held that this section, like the wrongful death section, states more than a mere limitation of action. The section provides a condition upon which the cause of action itself ceases to exist after the period mentioned in the statute. The court at pages 294 and 295 say:

"No right exists to maintain an action to contest a will except as it is specifically

provided by statute, and the right thus conferred is subject to the conditions and limitations imposed. The right granted and the condition imposed go together; the one cannot be enjoyed without the restrictions and limitations of the other.

"* * *

"The decision of this court in the case of **The Pittsburgh, Cincinnati & St. Louis Ry. Co. v Hine, Admrx., 25 Oh St 629,** similarly construes a provision somewhat analogous contained in a statute authorizing an action for damages sustained by reason of death caused by a wrongful act.

It is held that under the 'act requiring compensation' for causing death by wrongful act, neglect, or default (S. & C. 1139, 1140), which gave a right of action, provided such action should be commenced within two years after the death of such deceased person, the proviso is a **condition** qualifying the right of action, and not a mere limitation on the remedy'."

And, again, on page 296, the court continues:

"The provisions of the statute above cited relating to an action to contest a will clearly constitute more than a mere limitation upon the time of instituting the action, for it is expressly provided that a will duly probated and not contested within two years shall be forever binding."

The section here referred to is now §10504-32, GC, and is as follows:

"If within six months after probate had no person interested in appears and contests the validity of the will, the probate shall be forever binding, saving, however, to persons under any legal disability, the like period after such disability is removed, but the rights so saved shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to a duly appointed fiduciary or to any other person."

The court, later in commenting upon the provisions of §12087, GC, as formerly existent, state:

"Sec 12087 GC formerly included within its saving clause 'persons absent from the state.' By amendment in 1898 (93 O. L. 81) that exception was dropped from the section. In view of the fact that nonresidents of the state are served by publication, a holding by the court that §11632 GC applies to nonresident heirs in will-contest cases, and grants to them an extension of time to contest a will, would completely annul the action of the Legislature amending §12087 GC; for the clause dropped from that section would thus be reinserted by force of judicial construction. We may well adopt and apply here the language used by Justice Bradley in case of Broderick's Will, 21 Wall., 503; 'The public interest requires that the estates of deceased persons, being deprived of a master, and subject to all manner of claims, should at once devolve to a new and competent ownership; * * * and that the result attained should be firm and perpetual'."

If this were a matter of first impression, we might be inclined to hold that the filing of a praecipe would represent the full extent of the party's diligence within the meaning of the general statute applicable, §11279, GC, which provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

However, in **McLarren v Myers, Admr., 87 Oh St 88,** the syllabus is as follows:

"1. The saving provisions of §11231, GC, relate to the service of a summons, and before the diligent endeavor therein referred to can avail to avoid the bar of a statute of limitations, there must have been a summons issued prior to the expiration of the period fixed by the statute.

"2. The burden of causing a summons in error to be issued in an error proceeding is imposed by law on the plaintiff in error, and §12270, GC, being a statute of limitations to be enforced as other similar statutes, the praecipe of plaintiff in error and his request to the court to issue summons will not stop the running of the statute or avoid the bar thereof if summons which is served on defendant in error is not issued prior to the expiration of the time fixed, unless facts are shown which bring the case within some saving provision of the law."

This authority was followed in **Zakrzewski v Lenczycki et, 129 Oh St 462.**

It is our conclusion, therefore, that under the facts stated no action to contest the will in question was filed within six months of the probate thereof, as is provided in §12087, GC, and that the action was not so commenced as required by the pro-

visions of §11279, GC. The appellant did not cause summons to issue within the specific limitation placed upon the existence of the cause of action.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.