WOODRUFF ET AL., APPELLANTS, *v.* NORVILL ET AL., APPELLANTS; COTNER ET AL., APPELLEES.

(No. 525—Decided March 29, 1951.)

*Messrs. Bope & Capell,* for plaintiff appellants.

*Mr. J. W. Starritt, Mr. Okey Van Dyne* and *Mr. John L. Roof,* for defendant appellants.

*Mr. Aaron F. Blackford* and *Messrs. Betts & Betts,* for defendant appellees.

GUERNSEY, J. This matter comes to this court upon appeal on questions of law from the Court of Common Pleas of Hancock County, Ohio.

There is no bill of exceptions of the proceedings had in the trial court, and the appeal is submitted to this court upon the record in the Common Pleas Court, consisting of docket and journal entries, original pleadings, praecipes, summonses and the returns thereon.

The following facts, material to a decision of the case, appear from such record.

On June 7, 1949, Melvin Woodruff and 25 others filed their petition in the Common Pleas Court of Hancock County, Ohio, in the caption of which they designated Bernard J. Cotner, Bernice Cotner Willeke, Howard Cotner, Cora Searson, Nancy Chamberlin, Maude Norvill and Cliff Woodruff as defendants.

In this petition they, among other things, allege:

That they, together with the defendant Cliff Woodruff, were all the brothers and sisters or lineal descendants of John Woodruff, Jr., who died intestate on July 20, 1937, a resident of Hancock county, Ohio, leaving his widow, Blanche Woodruff, and no children surviving him, and that said John Woodruff, Jr., left an estate which came to his widow relict, Blanche Woodruff, by descent.

That the said Blanche Woodruff, relict of John Woodruff, Jr., died on the 5th day of February, 1949, without issue, and possessed of identical real estate and/or personal property which came to her by descent from said John Woodruff, Jr.

That the purported last will and testament of Blanche Woodruff, dated August 12, 1942, was probated in the Probate Court of Hancock County, Ohio, on February 21, 1949, and on that day letters testamentary thereon were issued by said court to the defendant Bernard J. Cotner as sole executor thereof, who thereupon qualified and is now acting as such executor.

By the terms of said will the defendants Bernice Cotner Willeke and Bernard Cotner were named as the legatees and devisees of said Blanche Woodruff.

That the paper writing is not the last will and testament of Blanche Woodruff, deceased.

The defendants Howard Cotner, Cora Searson, Nancy Chamberlin and Maude Norvill were the brother and sisters and heirs at law of said deceased relict, Blanche Woodruff.

That the parents of John Woodruff, Jr., were both dead.

The prayer of the petition is that an issue be made up as to whether said paper writing is the last will and testament of Blanche Woodruff, and that the same may be set aside, and for such other relief as is proper.

Attached to the petition, and filed simultaneously, to wit, June 7, 1949, was a praecipe which read: "To the clerk: Please issue summons in this action to the sheriff of Hancock county, Ohio, for the defendant, Bernard J. Cotner. To the sheriff of Hardin county, Ohio, for the defendants, Bernice Cotner Willeke, Howard Cotner, Mrs. Cora Searson, Mrs. Nancy Chamberlin and Cliff Woodruff. To the sheriff of Lucas county, Ohio, for the defendant Maude Norvill, all returnable according to law, endorsed 'Action for contest of will of Blanche Woodruff, deceased.' "

Summonses were issued by the clerk on the 7th day of June, 1949, for the defendants, Bernard J. Cotner,

Bernice Cotner Willeke, Howard Cotner, Mrs. Cora Searson, Mrs. Nancy Chamberlin and Cliff Woodruff. Summons was issued June 7, 1949, for the defendant Mrs. Maude Norvill.

On June 8, 1949, summons was returned, endorsed: "On June 7, 1949, I served the within named Bernard J. Cotner by personally handing to him a true and certified copy thereof, with all endorsements thereon."

On June 11, 1949, summonses were returned and filed, endorsed: "Received this writ June 8, 1949, at ten o'clock a. m., and on June 9, 1949, I served the within named Bernice Cotner Willeke, Howard Cotner, Cora Searson, Nancy Chamberlin, Cliff Woodruff by personally handing each of them a true and certified copy thereof, with all endorsements thereon." These returns were filed by the sheriff of Hardin county.

On June 14, 1949, summons was returned and filed, endorsed as follows: "Received this writ on June 8, 1949, at 10:45 a. m., and on the 9th day of June, 1949, I served the within named Mrs. Maude Norvill by delivering to her personally, a true and certified copy of this writ, with all endorsements thereon." This return is signed by the sheriff of Lucas county, Ohio.

On July 7, 1949, within six months from the date of the probate of the purported will of Blanche Woodruff, the defendant Maude Norvill, the correct name being Laena Maude Norviel, filed in said cause in said court, her answer and cross-petition.

In said answer said Maude Norvill, correct name being Laena Maude Norviel, admitted relationship of plaintiff; admitted relationship of Eva Blanche Woodruff; admitted descent of estate; admitted death of Eva Blanche Woodruff; admitted probate of purported will; admitted letters testamentary were issued to the defendant Bernard J. Cotner as sole executor and acting as such, and that legatees were named as al-

leged; and admitted an issue should be made up and said paper writing should be set aside.

In her cross-petition, she alleged, among other things, the probate of said alleged will; that defendant Bernard Cotner was appointed executor and had duly qualified; that said Eva Blanche Woodruff was incapable of making a will at the time the alleged will was executed; and for lack of knowledge denied that Blanche Woodruff was possessed of personal property which came to her by descent from John Woodruff, Jr.

Attached to said answer and cross-petition, a praecipe was filed upon said day, as follows, to wit: "To the clerk: Kindly issue summons upon the defendants' cross-petition, filed herein, upon all the plaintiffs set forth in plaintiff's petition and for the defendants, Bernice Cotner Willeke, Howard Cotner and Nancy Chamberlin, Bernard Cotner, individually and as executor of the estate of Eva Blanche Woodruff, deceased, delivered to the sheriff of Hancock county, Ohio, made returnable according to law, endorsed thereon 'cross-petition to contest will of Eva Blanche Woodruff, deceased, and other relief.' "

The record shows that the clerk did not comply with the praecipe attached to the answer and cross-petition of Maude Norvill, and that summonses were not issued as requested therein, for any of the persons named therein. It does not appear from the record, the reason, if any, for the failure of the clerk to comply with said praecipe and issue summonses as requested therein.

On July 7, 1949, answers and cross-petitions were filed on behalf of the defendants Cora Searson and Cliff Woodruff, and on July 19, 1949, a motion was filed to make new parties defendant, and summons was issued for Frank Musson, guardian of Nancy Chamberlin.

On January 19, 1950, Bernard J. Cotner and Bernice Cotner Willeke filed their motion for dismissal of the plaintiff's petition and the cross-petitions of the defendants, for the reason that Bernard Cotner, as executor of the last will and testament of Blanche Woodruff, deceased, was not named as a party or served with summons as executor; and that the court was therefore without jurisdiction in the cause.

On January 20, 1950, defendant Maude Norviel, through her attorney, issued an alias praecipe for summonses upon the defendants Bernard Cotner, individually, and as executor of the estate of Eva Blanche Woodruff, deceased, and Bernice Cotner Willeke, as heirs and legatees and devisees under the will of Eva Blanche Woodruff, deceased.

Thereafter, the attorney for Maude Norviel, on January 23, 1950, filed with the clerk of the Common Pleas Court of Hancock County, Ohio, a praecipe for alias summons, directed to the clerk, Charles E. Oman, at Findlay, Ohio.

On January 23, 1950, summons was issued on the answer and cross-petition of Laena Maude Norviel, for defendant Bernard Cotner, individually, and as executor of the estate of Eva Blanche Woodruff, deceased.

On January 23, 1950, the summons was returned and filed, endorsed: "Received this writ January 23, 1950, at 11 o'clock a. m., and on January 23, 1950, I served the within named Bernard Cotner and Bernard Cotner as executor of the estate of Eva Blanche Woodruff, deceased, by leaving for each of them at their usual place of residence a true and certified copy thereof, with all the endorsements thereon." Signed, "Orla A. Cooper, sheriff, by Richard J. Waldron."

On January 28, 1950, summons was returned and filed, endorsed: "Received this writ January 24, 1950,

at 3 o'clock p. m., and on January 26, 1950, I served the within named Bernice Cotner Willeke by personally handing to each of them a true and certified copy thereof, with all the endorsements thereon." Signed, "Clarence F. Brown, Sheriff."

On January 31, 1950, the plaintiffs filed their motion for leave to amend their petition.

On February 4, 1950, a praecipe was filed on behalf of the plaintiffs for summons for Bernard J. Cotner as executor of the estate of Eva Blanche Woodruff, deceased.

On February 9, 1950, summons was returned, endorsed as follows: "Received this writ February 8, 1950, at 4 o'clock p. m., and on February 9, 1950, I served the herein named Bernard J. Cotner, individually, and Bernard J. Cotner, executor of the estate of Blanche Woodruff, by personally handing to him a true and certified copy thereof, with all endorsements thereon."

On March 1, 1950, an amended motion for leave to amend the petition was filed on behalf of the plaintiffs.

On September 9, 1950, the motion of Bernard J. Cotner and Bernice Cotner Willeke for the dismissal of the plaintiffs' petition and the cross-petitions of the defendants, was heard, and the court, upon said hearing, sustained the motion, dismissing plaintiffs' petition and defendants' cross-petitions.

The judgment of the court sustaining the motion and dismissing plaintiffs' petition and defendants' cross-petitions is the judgment from which this appeal is taken by the defendants Maude Norviel, Cliff Woodruff, Arden Searson, guardian of Cora Searson, and by all the plaintiffs in the action.

The appellants assign error in a number of particulars which may be summarized as follows:

First. The judgment of the court sustaining the

motion of the defendants Bernard J. Cotner and Bernice Cotner Willeke to dismiss, and dismissing the plaintiffs' petition and the cross-petitions of the defendants Cliff Woodruff, Arden Searson, as guardian of Cora Searson, and Maude Norvill is contrary to law.

Second. That the court's finding and judgment are against the weight of the evidence.

Third. The court erred in overruling plaintiffs' motion to amend their petition by insertion of the words, "Executor of the Estate of Eva Blanche Woodruff, Deceased," in the caption of the petition.

Fourth. Other errors apparent upon the face of the record.

These assigned errors will be considered in the order mentioned.

In the assignment that the judgment is contrary to law, the appellants make two contentions:

(a) That although Bernard J. Cotner was referred to in his individual capacity in the caption of the petition, and the praecipe for summons upon the petition and the summons for him and the return thereof referred to him in his individual capacity, the petition did not make him a party defendant in his individual capacity as a legatee-devisee of Blanche Woodruff, deceased, but only in his capacity as sole executor of her estate, and that such service of summons upon him constituted service of summons upon him in his fiduciary capacity as executor of said estate.

(b) That the defendant, Laena Maude Norvill, having within six months of the date of the probate of the last will and testament filed her answer and cross-petition making Bernard J. Cotner, as sole executor of said estate, a party defendant thereto, and also having filed therein her praecipe for service of summons upon him in such capacity, the requirements of

Sections 12087, 12080, 11230, General Code, as to the service of summons upon said executor in his fiduciary capacity, were fully complied with notwithstanding he was not served with summons in his fiduciary capacity until long after the expiration of six months from the date of the probate of the last will and testament of Eva Blanche Woodruff.

The above contentions are to be considered in the light of the pertinent provisions of the following sections of the General Code of Ohio, to wit:

Section 12087. "An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed * * *."

Section 12080. "All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Section 10504-32. "If within six months after a will is admitted to probate, no person interested files an action to contest the validity of the will, the probate shall be forever binding * * *."

Section 11279. "A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Section 11230. "An action shall be deemed to be commenced within the meaning of this chapter [Chapter relating to limitation on actions], as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him: * * *"

Section 11231. "Within the meaning of this chapter [Chapter relating to limitation on actions], an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party dili-

gently endeavors to procure a service, if such attempt be followed by service within sixty days."

In construing the provisions of Section 12087, General Code, the Supreme Court, in *McVeigh* v. *Fetterman*, 95 Ohio St., 292, 116 N. E., 518, held that this section, like the wrongful death section, states more than a mere limitation of action. The section provides a condition upon which the cause of action itself ceases to exist after the period mentioned in the statute.

In considering the application of Sections 12080 and 11230, above mentioned, to a will contest, the Supreme Court, in the case of *Peters* v. *Moore*, 154 Ohio St., 177, 93 N. E. (2d), 683, held:

"1. In Ohio the right to contest the validity of a will is statutory.

"2. The exercise of that right is subject to the conditions imposed by such statutes. (Paragraph one of the syllabus in the case of *McVeigh* v. *Fetterman*, 95 Ohio St., 292, and paragraph two of the syllabus in the case of *Case* v. *Smith, Admx.*, 142 Ohio St., 95, approved and followed.)

"3. Under the provisions of Section 12080, General Code, all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, *must* be made parties to an action to contest a will.

"4. Under those provisions it is mandatory and jurisdictional that the executor be made a party to such action.

"5. In such an action the court is without jurisdiction unless the executor is made a party and a summons, duly followed by service, is issued within six months after the will has been admitted to probate. (*Draher* v. *Walters*, 130 Ohio St., 92, overruled as to that part of the syllabus relating to an executor; and paragraphs two and three of the syllabus in the case

of *McCord* v. *McCord,* 104 Ohio St., 274, approved and followed.)

"6. It is not a compliance with this requirement when a person occupying the positions of heir, legatee and sole executor is made a party in his individual capacity as heir and legatee but not in his distinctive, official, fiduciary capacity as executor, and another person is sued as executor."

Weygandt, C. J., who wrote the opinion in the case, in the course thereof, after setting forth the provisions of Section 12080, General Code, distinguished the facts therein from the facts in the case of *Draher* v. *Walters,* 130 Ohio St., 92, 196 N. E., 884, in the following language:

"In the *Draher* case there was a complete compliance with this mandatory jurisdictional provision. When the suit was instituted the executor was named as one of the defendants. To the petition was attached a praecipe requesting issuance and service of summons on all defendants. However, the clerk failed to issue a summons for the executor. This fact was not discovered by the plaintiff until the statutory period had elapsed. She immediately filed another praecipe for a summons, and service was had."

Although the facts in the instant case differ from the facts in the *Draher case, supra,* in that the praecipe did not request that summons be issued for the executor, appellants' first contention, above mentioned, is predicated mainly on the proposition that the above language has the effect of excluding the instant case from the operation of the holdings of the Supreme Court, above quoted, as the executor was named in the petition as one of the defendants in the instant action, although the praecipe filed with the petition did not request service upon him in his fiduciary capacity, and service of summons in his fiduciary ca-.

pacity was not had upon him upon the petition pursuant to the praecipe filed therewith, but upon a praecipe for summons filed February 4, 1950, such summons being served February 9, 1950.

An examination of the decision in the case of *Draher* v. *Walters, supra,* discloses that it was based solely upon the theory that within the purview of Section 12080, General Code, above set forth, service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also as to the executor, and wholly without regard to the fact that the executor had been named as party defendant to the petition, although not served with summons thereon within the period of six months from the date of the probate of the contested will.

The theory upon which the decision in the case of *Draher* v. *Walters, supra,* was based, was expressly overruled in the case of *Peters* v. *Moore, supra.*

In this situation we are forced to the conclusion that neither the decision in the case of *Draher* v. *Walters, supra,* nor the above quoted language in the opinion in the latter case mentioned constitutes a holding that the mere fact that the executor was named a party defendant in the petition, although not served with summons thereon within six months from the date of the probate of the contested will, would authorize the service of summons upon him in his fiduciary capacity after the expiration of said six-month period.

It is also obvious that in such a situation the service of summons upon an individual in his individual capacity, such individual happening to be the executor of the estate, does not constitute service upon him in his fiduciary capacity, and does not in any manner

affect or bind the estate of which he happens to be the executor.

From the allegations of the petition it appears that it was the intention of the plaintiffs to make said Cotner a party defendant in his individual capacity as legatee-devisee, and also in his fiduciary capacity as executor.

Under the Code provisions and the decisions mentioned, it is clear that as summons was not issued for the executor upon the petition within six months of the date of the probate of the will, the action upon the petition was not commenced within the time limited by statute, and the first contention of appellants is without merit.

We will now consider the second contention in the first assignment.

That the provision of the Code as to when an action shall be deemed commenced applies to proceedings in error has been settled by repeated decisions, as well as that the summons which is served on a defendant in error must be issued before the expiration of the time fixed by the statute of limitation governing the cause of action. *Robinson* v. *Orr*, 16 Ohio St., 284; *Baltimore & Ohio Rd. Co.* v. *Ambach*, 55 Ohio St., 553, 45 N. E., 719; *McLarren* v. *Myers, Admr.*, 87 Ohio St., 88 at 97, 100 N. E., 121.

In the latter case, in conformity with the above rule, it was held:

1. "The saving provision of Section 11231, General Code, relates to the service of a summons, and before the diligent endeavor therein referred to can avail to avoid the bar of a statute of limitations, there must have been a summons issued prior to the expiration of the period fixed by the statute.

2. "The burden of causing a summons in error to be issued in an error proceeding is imposed by law on

the plaintiff in error, and Section 12270, General Code, being a statute of limitations to be enforced as other similar statutes, the praecipe of plaintiff in error and his request to the clerk to issue summons will not stop the running of the statute or avoid the bar thereof if summons which is served on defendant in error is not issued prior to the expiration of the time fixed, unless facts are shown which bring the case within some saving provision of the law."

In that case, the failure to have summons issued within the statutory period was attempted to be excused by the petitioner upon the ground that the clerk of courts had promised to issue summons within the statutory period but had failed to do so, a fact not appearing of record in the instant case, but the court held that the burden of causing the summons to be issued within the statutory period was upon the petitioner, and the failure to do so was not excused by petitioner's reliance upon the promise of the clerk.

This decision has been followed in many cases, including the case of *Zakrzewski* v. *Lenczycki*, 129 Ohio St., 462, 195 N. E., 867.

In the case of *Coughlin* v. *Passionist Monastery of the Holy Cross*, 59 Ohio App., 433, 18 N. E. (2d), 496, an action to contest a will, such as the instant case, the court, basing its decision on the *McLarren case*, *supra*, held:

"An action to contest a will must, under Section 12087, General Code, be commenced within six months after probate of the will, and it is not sufficient that a petition to contest and praecipe for summons be filed within the time prescribed, but summons must also be issued within that time."

From the above decisions it is clear that a summons upon the cross-petition of the defendant Norviel was not issued until after the expiration of six months from

the date of the probate of the will. The action upon the cross-petition was not commenced within the time limited by statute.

Consequently, the second contention, above mentioned, is without merit, and both contentions being without merit, the judgment is not contrary to law.

■ The finding and judgment of the court is fully sustained by the record for review, the facts shown by the record not being controverted.

■ The record fails to show any ruling by the court upon plaintiffs' motion to amend their petition, but if the court had overruled said motion its action in so doing would not have been erroneous as the motion was not made until long after the time in which an action against the executor could be commenced.

■ No error appears of record prejudicial to the appellants.

Finding no error in any of the particulars assigned and specified and argued in appellants' brief, the judgment of the Common Pleas Court is affirmed, at costs of appellants, and the cause is remanded for execution.

*Judgment affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.