FREDERICK ET AL., APPELLANTS, *v.* BROWN, EXR., ET AL., APPELLEES.

(No. 654—Decided November 30, 1956.)

*Mr. Ernest G. Littleton* and *Mr. Edgar H. Hale,* for appellants.

*Mr. J. Julian Snyder* and *Mr. Emory F. Smith,* for appellees.

COLLIER, J. On October 9, 1953, the last will and testament of Anna M. Smock, deceased, was admitted to probate in the Probate Court of Scioto County, Ohio.

On February 26, 1954, appellants filed in the Court of Common Pleas of Scioto County a petition contesting the validity of such last will and testament.

The petition shows there are 30 plaintiffs and six defend-

ants. The defendants are: Edward Brown, executor of the estate; Edward Brown, as an individual and as a devisee and legatee; Evelyn Brown, as a devisee and legatee; Clara Brown, as a devisee and legatee; and Egbert Brown and John H. Brown, as heirs at law of Anna M. Smock, deceased. All the defendants were served with summons within the six-month statutory period of limitation, as prescribed by Section 2107.23, Revised Code, to contest the validity of a will.

On October 3, 1955, long after the expiration of the statutory period of limitation to contest the validity of a will, Catherine Kirkendall, one of the 30 plaintiffs named in the petition, filed a motion to dismiss the petition as to her, claiming that she had authorized no one to name her as a plaintiff in the action.

On October 10, 1955, that motion was sustained and Catherine Kirkendall was permitted to withdraw as a plaintiff in the action.

On October 21, 1955, the defendants filed a motion to dismiss the petition and strike it from the files for the reason that the court was without jurisdiction because of a defect in the parties; and that Catherine Kirkendall, as an heir at law of the testatrix, Anna M. Smock, is a necessary party, under Section 2741.02, Revised Code, and, having been dismissed as a plaintiff, she cannot be made a party defendant after the expiration of the six-month limitation period.

On November 2, 1955, the plaintiffs filed a motion to make Catherine Kirkendall a party defendant.

On December 8, 1955, plaintiffs' motion to make Catherine Kirkendall a party defendant was overruled, and the defendants' motion to dismiss the petition was sustained. From that judgment the plaintiffs have perfected their appeal to this court on questions of law.

The errors assigned are: (1) The trial court erred in overruling the motion of the plaintiffs that Catherine Kirkendall, one of the heirs at law of Anna M. Smock, deceased, be made a party defendant; and (2) the court erred in sustaining the motion of the defendants to dismiss the petition of the plaintiffs, thereby precluding the plaintiffs from contesting the val-

idity of the will. The two assigned errors present the same basic question.

A proceeding to contest a will is purely and exclusively statutory in Ohio, and the interpretation of these statutes has given rise to much litigation. However, we consider it necessary to refer to but one decision of our Supreme Court in disposing of the first assignment of error. That is the case of *Andes* v. *Shippe, Exrx.,* 165 Ohio St., 275, 135 N. E. (2d), 396, the second paragraph of the syllabus of which reads:

"An interested person who, pursuant to Section 2741.01, Revised Code, and in compliance with Section 2741.02, Revised Code, initiates an action to contest a will within six months after its probate may not thereafter, in face of Section 2741.04, Revised Code, dismiss the action over the protest of a defendant who wants the will set aside."

Judge Zimmerman, in the opinion, refers to and discusses two early decisions which establish the principle that when a will contest is properly commenced within the statutory period of limitation, in conformity with statutory requirements, one of the parties may not withdraw from the action and thereby defeat the right of the other parties to a jury trial to determine the validity of the will. Those cases are: *Walker* v. *Walker,* 14 Ohio St., 157, 82 Am. Dec., 474, and *Bradford* v. *Andrews,* 20 Ohio St., 208, 5 Am. Rep., 645. On the authority of those cases the judgment of the trial court in permitting Catherine Kirkendall, one of the plaintiffs, to withdraw as a plaintiff is clearly erroneous.

However, had the trial court's ruling sustaining the motion to dismiss Catherine Kirkendall as a party plaintiff been correct, the plaintiff's motion to have her made a party defendant should have been sustained, under the rule established in the case of *Draher* v. *Walters,* 130 Ohio St., 92, 196 N. E., 884, wherein it is held:

"Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class."

The part of the syllabus of that case relating to an executor was overruled in the case of *Peters* v. *Moore,* 154 Ohio St., 177, 93 N. E. (2d), 683, but otherwise it remains unreversed and unmodified.

In the instant case the other defendants, as next of kin and heirs at law of the testatrix, having been properly served with summonses within the statutory period of limitation, Catherine Kirkendall, not desiring to be a plaintiff, should have been made a party defendant; and since others in the same class had been properly served with summonses, she could have been served after the six-month period of limitation. It follows that the trial court erred in dismissing plaintiffs' petition.

Appellees, in their brief, contend that the petition should have been dismissed because of a defect in parties resulting in the failure of the plaintiffs to make the unnamed pastor of St. Mary's Catholic Church of Portsmouth, Ohio, a party to the action. In the second item of the will a bequest is made to the unnamed pastor of that church for the purpose of Masses for the repose of the soul of the testatrix. The defendants did not file a cross-appeal, give notice of appeal, or file an assignment of error and, since this is an appeal on questions of law, the question is not properly before this court for determination.

Apparently, the plaintiffs treated this clause of the will as merely a direction by the testatrix to the executor to expend this amount, the sum of $100, as a stipend or compensation for a religious service to be performed by the pastor for her, and did not consider the unnamed pastor of the church a legatee in the sense that he was a necessary party requiring service of summons. We are in accord with this position. But, if the unnamed pastor of that church is a legatee in the true meaning of that word, he may still be made a party defendant under the rule established in the case of *Draher* v. *Walters* (130 Ohio St., 92), *supra,* the other defendant-legatees named in the petition having been properly served with summonses within the statutory period of limitation.

Our conclusion is that the trial court committed prejudicial error in sustaining defendants' motion to dismiss plaintiffs' petition, and also erred in overruling plaintiffs' motion to make Catherine Kirkendall a party defendant; and, therefore, the

judgment must be, and hereby is, reversed, and this cause is remanded to the Common Pleas Court of Scioto County for further proceedings according to law.

*Judgment reversed.*

McCURDY, P. J., and GILLEN, J., concur.