Stewart, J.,
dissenting. I have an abiding conviction that, if reasonably possible, procedural statutes should be interpreted so as to permit the trial of causes on their merits rather than to prohibit such trials.
In the case of Draher v. Walters, 130 Ohio St., 92, 196 N. E., 884, the syllabus reads as follows:
“Service of summons upon one of the legatee-devisee de *216 fendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class.”
In the case of Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, the Draher case was overruled as to that part of the syllabus relating to an executor, but the remainder of the syllabus was left intact.
Likewise, in the Peters case, paragraphs two and three of the syllabus of the case of McCord v. McCord, 104 Ohio St., 274, 135 N. E., 548, were approved. Those two paragraphs recognize the “united in interest” theory proclaimed in that part of the syllabus of the Draher case which was not overruled.
It seems to me that if the principles of the Draher and McCord cases had been applied in the present cause, the courts below would have been required to reach a conclusion different from the one at which they arrived, in which event the present cause would have had a trial upon its merits rather than being strangled possibly beyond all hope of resuscitation.
Herbert, J., concurs in the foregoing dissenting opinion.