## Maxey v. Mason
### [Cite as 5 AOA 68]

*Case No. 89 CA 02*
*Hocking County, (4th)*
*Decided July 11, 1990*

*Mr. James T. Boulger, Chillicothe, Ohio, for Appellant.*

*Mr. Michael L. Barr, Logan, Ohio, and Mr. Jack Lett, Grove City, Ohio, for Appellee.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Hocking County Court of Common Pleas, Probate Division, overruling a motion to proceed with the will contest to which the plaintiff contestants had filed a notice of voluntary dismissal pursuant to Civ. R. 41(A). The following error is assigned:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN HOLDING THAT THE NOTICE OF DISMISSAL WITH PREJUDICE FILED ON BEHALF OF THE DENOMINATED PLAINTIFF-HEIRS TERMINATED THE TRIAL COURT'S JURISDICTION OVER THE WILL CONTEST ACTION AND IN CONSEQUENTLY DENYING THE APPELLANT LEAVE TO PROCEED WITH THE PROSECUTION OF THE ACTION."

Charles M. Maxey, hereinafter referred to as testator, died on August 8, 1987 and was survived by five children, to-wit: "Daphney G. Maxey, Hugh Carroll Maxey, Michael D. Maxey, Jeannie D. Maxey and Charles M. Maxey III." A document purporting to be testator's last will and

testament was admitted into probate by the Hocking County Court of Common Pleas, Probate Division on September 2, 1987. The purported will bequeathed the entirety of testator's estate to Ruth Alberta Mason, appellee herein. Appellee was also named executrix of the estate.

On October 26, 1987, Daphney G. Maxey and Hugh Carroll Maxey, a minor, through his mother, filed a complaint together with a jury demand contesting the validity of the will pursuant to R.C. 2107.71, et seq. Named as party defendants were Ruth Alberta Mason, appellee herein, both in her capacity as executrix and individually, Michael D. Maxey, Jeannie D. Maxey, appellant herein, and Charles M. Maxey III. Service of process was made upon all the defendants. The complaint essentially averred that testator lacked testamentary capacity, the will was not freely or voluntarily executed by testator and, if executed, the execution was procured by coercion and/or undue influence.

On November 6, 1987, Jeannie D. Maxey filed an answer, accompanied by a jury demand, admitting therein the following averments of the complaint:

"4. Said document, having been admitted to the Hocking County Probate Court on or about September 2, 1987, is not the Last Will and Testament of Charles M. Maxey, deceased.

"5. At the time that the document admitted to probate purports to have been executed, if executed the decedent, Charles M. Maxey, lacked testamentary capacity.

"6. The document admitted to probate was not freely or voluntarily executed by Charles M. Maxey, deceased, as his Last Will and Testament, and the execution of this document, if executed, was procured by coercion and/or undue influence.

"7. Defendant, Ruth Alberta Mason was appointed Executor of the Estate of Charles M. Maxey by the Hocking County Probate Court on or about September 2, 1987.

"8. Defendant Ruth Alberta Mason is designated as the sole beneficiary under the purported Last Will and Testament of Charles M. Maxey, deceased.

"9. Defendants, Michael D. Maxey, Jeannie D. Maxey and Charles M. Maxey, III, as the other next of kin and heirs at law of Charles M. Maxey, deceased are the only other known parties who may have an interest in the Estate of Charles M. Maxey, deceased.

"10. The parties to this action are all of the heirs, devises and legatees of Charles M. Maxey, deceased, under the laws of interstate succession of the State of Ohio and under the purported Last Will and Testament of the decedent."

On November 16, 1987, appellee Ruth Alberta Mason filed an answer essentially denying the averments of the complaint that the will was invalid and prayed that the complaint be dismissed. Except for the answers filed by appellant Jeannie D. Maxey and appellee Ruth Alberta Mason, none of the other defendants filed answers or otherwise entered an appearance in the action.

On March 7, 1988, contestants Daphney G. Maxey and Hugh Carroll Maxey, through his mother, filed a notice of dismissal with prejudice pursuant to Civ. R. 41(A) (1). Jeannie D. Maxey filed a motion on March 11, 1985, whereby she sought to have Daphney and Hugh dropped from the case and have herself designated the party plaintiff to continue the prosecution of the case. On January 25, 1989, the court below held that when the Civ. R. 41 dismissal was filed, the case terminated and, therefore, the court had no jurisdiction to entertain appellant's motion.

In her sole assignment of error, appellant asserts that the lower court erred in holding that the Civ. R. 41 notice of dismissal terminated the court's jurisdiction and, therefore, denying appellant Jeannie D. Maxey the opportunity to proceed with a jury trial of the will contest action.

Appellant primarily relies on R. C. 2107.72 which reads as follows:

"(A) The rules of Civil Procedure govern all aspects of a will contest action, except as otherwise provided in sections 2107.71 to 2107.77 of the Revised Code.

"B)(1) Each party to a will contest action has the right to a jury trial of the action. To assert the right, a party shall demand a jury trial in the manner prescribed in the Rules of Civil Procedure. Subject to division (B)(2) of this section, if a party demands a jury trial in that manner, the action shall be tried to a jury.

"(2) notwithstanding any provision to the contrary in Civil Rule 38, a demand of a jury trial in a will contest action may be withdrawn, if either of the following applies:

"(a) All parties to the action who are not in default of answer, consent to the withdrawal of the demand prior to the commencement of the trial;

"(b) All parties to the action who are not in default of answer and who are present at the

time of the commencement of the trial, consent to the withdrawal of the demand."

This statute was amended to it's present form by Am. H.B. No. 70, effective March 28, 1985. *See* 140 Ohio Laws, Part I, 1759. Appellant argues that by reason of the construction given by the courts under predecessor will contest statutes, the General Assembly intended that once a party to a will contest demands a jury trial, pursuant to the Civil Rules, a party cannot defeat the legislative grant of jury trial by use of Civ. R. 41 absent consent of all parties.

Appellee argues in support of the judgment that there is an unqualified right of a contestant to dismiss a will contest without the consent of defendants where the defendants did not institute a separate will contest action or counterclaim or cross-claim against other parties to the action.

A brief review of the former pertinent statutes and decisional law is helpful in determining the intent of the General Assembly in enacting present R.C. 2107.72. The history of will contests has been well chronicled in the Ohio decisional law. In summary, the right to contest a will did not exist by common law. Originally, prior to 1853 adoption of the Code of Civil Procedure, will contests were chancery cases. The Wills Act provided that an issue was to be made up whether the writing was the last will and testament and the issue was required to be tried to a jury.

The same procedural scheme was adopted when the Code of Civil Procedure was adopted through subsequent enactment. In *Walker v. Walker* (1862), 14 Ohio St. 157, it was held that the requirement of making up an issue and trial by jury was mandatory, the court stating at 176 that ". . the statute imperatively requires that 'an issue shall be made up, whether the writing produced be the last will of the testators or not, which shall be tried by a jury,' etc. This provision of the statute is imperative in its terms, and we have reason to believe that it was deliberately enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent or acquiescence of parties in any form."

Successor legislation, prior to 1976, continued the same procedural scheme by providing *inter alia* in R.C. 2741.04 the following:

"In an action under section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which issue shall be tried by a jury."

While the above statute was in force, in *Andes v. Shippe* (1956), 165 Ohio St. 275, the court concluded at 280 that "We think that, as long as Section 2741.04, Revised Code, remains in force, one who timely brings an action to contest a will may not thereafter dismiss the same and thus end the case, thereby precluding another party to the action who wants the will voided." The court held in the syllabus as follows:

"An interested person who, pursuant to Section 2741.01, Revised Code, and in compliance with Section 2741.02, Revised Code, initiates an action to contest a will within six months after its probate may not thereafter, in face of Section 2741.04, Revised Code, dismiss the action over the protest of a defendant who wants the will set aside."

In 1976 in Amended Sub. Senate Bill No. 145 and Amended Sub. Senate Bill No. 466 the General Assembly made significant changes in probate law in Ohio. *See* 136 Ohio Laws, Part I, 326 & 998 respectively. In *State, ex rel Hear v. Court of Common Pleas* (1981), 67 Ohio St 2d 189, the court stated the following with respect to will contest.

"Prior to January 1, 1976, jurisdiction over a will contest was vested in the general division of the common pleas court of the county in which the will had been admitted to probate, pursuant to R.C. 2741.01 et seq. In 1976, the General Assembly repealed R.C. 2741.01 et seq. and enacted R.C. 2101.24(P) and R.C. 2107.71 through 2107.76. Under the new statutes, jurisdiction over will contests is vested in the Probate Court of the county in which the will has been admitted to probate.

"Under the former statutory provision, and its predecessors, the General Assembly had mandated that will contest actions be tried to a jury. Both parties agree that no such mandatory language exists in R.C. 2107.71 through 2107.76. In fact, the only express mention of a jury trial in the new statutes is in R.C. 2107.75, which provides, in pertinent part, that: "When the jury or the court finds that the writing produced is not the last will and testament or codicil of the testator***"." (Footnotes omitted.) The court held in the syllabus as follows:

"A party to a will contest action does not have the right to a jury trial; instead, a probate court has discretion to determine whether to sit as the trier of fact in a will contest action or to impanel a jury." (R.C. 2107.71 through 2107.76 and R.C. 2101.31 construed and applied.)

"In Am. H.B. No. 70, 140 Ohio Laws, Part I, 1759, effective March 28, 1985, R.C. 2107.72 was amended to it's present wording, *supra,* the amendatory act reciting, *inter alia,* that the act was to amend section 2107.72 to grant each party to a will contest action the right to a jury trial of the action, that may be asserted by a jury demand made in accordance with the Civil Rules, \*\*\*."

It is manifest that the General Assembly-intended to restore the right of jury trial, which had previously long existed in Ohio, to each party in a will contest if properly demanded. The critical question is, did the General Assembly by use of the language "shall be tried to a jury" intend to have the same meaning and effect as used in former R.C. 2741.04 "which issue shall be tried to a jury" and was mandatory, or did it intend to mean only that if the contest proceeds to trial a jury is required.

Had the General Assembly amended R.C. 2107.72 utilizing the former language of R.C. 2741.04 which required an issue be made up "which issue shall be tried by a jury," it would be clear by reason of judicial interpretation of the Ohio Supreme Court that it be imperative trial be to a jury and such mandate could not defeated by unilateral dismissal by a contestant as held in *Andes v. Shippe, supra.*

The reasoning of the court below that Civ. R. 41 applied and terminated the jurisdiction of the probate court is summarized in it's judgment entry as follows:

"The Ohio Revised Code, Section 2107.72 specifically states, 'The rules of Civil Procedure govern all aspects of a Will Contest Action, except as otherwise provided in Sections 2107.72 to 2107.77 of the Revised Code". No exception is set forth in said section of the Revised Code as to dismissals pursuant to Civil Rule 41, or, the filing of counter-claims and cross-claims pursuant to Civil Rule 13. The statutory application of the Civil Rules in actions to contest the validity of Wills is specific and direct. For the Court, after the filing of the Notice of Dismissal in the instant case, to re-instate the jurisdiction of the Court, and, then to realign the parties in the cause without the filing of a counter-claim and/or cross-claim would create an exception that is simply not provided for by either the Ohio Revised Code Section 2107.71 to 2107.77 or the Rules of Civil Procedure as previously discussed."

The question of whether a counter-claim or cross-claim can be utilized in a will contest action was addressed in *Hess v. Sommers* (1982), 4 Ohio App. 3d 28, which the court below distinguished, wherein the court at 284 reasoned as follows:

"Under Civ. R. 13 governing the filing of mandatory and permissive counter-claims, as well as cross-claims, the following language is used:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim *any claim* which at the time of serving the pleading the pleader has *against any opposing party* \*\*\*.

"(B) Permissive counterclaims. A pleading may state as a *counterclaim any claim against an opposing party* \*\*\*.

"\*\*\*.

"(G) Cross-claim against co-party. A pleading may state as a cross-claim *any claim* by one party *against a co-party* \*\*\*.' (Emphasis added.)

"In our opinion although legatees, devisees, heirs, executors and other interested parties are necessary parties to a will contest action, it does not follow that by bringing such an action those who contest the will are making *claims against* any opposing party. Although the issue is no longer specifically defined by statute, the will contest still raises the single and ultimate issue whether the writing produced is the last will or codicil of the testator. The 'claim' made by the party or parties bringing the will contest action is that the will or codicil is not that of the testator, and only incidentally to this issue do such party or parties establish any right or further claim against any property of the estate. The contestors recover nothing from any of the other necessary parties including the executor, whether those necessary parties support the will or oppose the will, and parties to the action ordinarily need not answer to receive the same protection as do those who do. *Cf. Meyer v. Welsbacher* (1947), 80 Ohio App. 200 [35 0.0. 518). Indeed there is such lack of adversity *between* the proponents and opponents that at one time in Ohio, and still in many other states, a will contest was considered an action *in rem.* 55 Ohio Jurisprudence 2d 721, Wills, Section 327. We conclude that a will contest action does not constitute such a *claim* as to be susceptible of pleading as a matter of right as a counterclaim or cross-claim. Cf. 56 Ohio Jurisprudence 2d 215, Wills, Section 690."

If the General Assembly intended no more than to grant a jury trial to a party when properly demanded as in an ordinary civil action, why was it necessary in R.C. 2107.72(B) (2) to specifically enumerate that not withstanding Civ. R.

38, a jury demand could not be withdrawn except as therein provided since Civ. R. 38(D) already provided, *inter alia* that "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." The use of the R.C. 2107.72(B) (2) language is meaningful only if the General Assembly intended that, once demanded, a jury trial was imperative and could not be unilaterally defeated by a contestant utilizing Civ. R. 41(A) (1).

A perceivable reason why the General Assembly intended to make mandatory a timely requested jury but did not utilize the former R.C. 2741.04 language in that, as interpreted in *Andes v. Shippe, supra,* a jury was required to be impaneled even though all the parties had agreed upon a settlement of the contest and even though a verdict was to be directed. Under present R.C. 2107.72, if all the parties agree, the jury demand could be withdrawn, and presumedly would be done only if a settlement was reached by all parties, and proceed without jury intervention.

The predecessor of Civ. R. 41(A) was R.C. 2323.05(A), now repealed, which permitted a plaintiff to dismiss his action prior to final submission to the jury. R.C. 2323.05(A) was in effect when *Andes v. Shippe* was decided. The court stated at 279:

"Although it is true that a proceeding to contest a will is a 'civil action' as provided in Section 2741.01, Revised Code, and under Section 2323.05, Revised Code, the ordinary civil action may be dismissed without prejudice to a future action by the plaintiff before its final submission to the jury or to the court, the sections of the Code governing will contests are special statutory enactments relating to that particular subject, and, since it is specifically provided in Section 2741.04, Revised Code, that, after a commencement of an action to contest a will, an issue *must* be made up whether the writing produced in the last will of the testator, which issue *shall* be tried to a jury, such specific direction takes precedence over a general provision authorizing the plaintiff in the ordinary civil action to dismiss the same before submission to a jury or court."

It follows that if the General Assembly intended by the language "shall be tried to a jury" in R.C. 2107.72(B) (2) to be mandatory when a jury trial was properly demanded, then such right would take precedence over Civ. R. 41 since the rules apply "except as otherwise provided in sections 2107.71 to 2107.77 of the Revised Code."

We deem it of no consequence that appellant did not initiate an independent will contest action. The right of a party to contest a will should not be dependent of losing a race to the courthouse. As observed in *Bradford v. Andrews* (1870), 20 Ohio St. 208 at 220 with respect to the status of parties in a will contest, "The status of the parties, as plaintiffs or defendants, is merely nominal. Those named as defendants have a right, equally with the nominal plaintiff, to insist upon a contest. Otherwise, there would be no safety to the defendants who happened to be identified in interest with the plaintiff, except in the commencement of separate similar actions, or the filing of a cross-petition by each." The appellant herein, by the admissions in her answer attempted to align herself with the contestants seeking to declare the will invalid.

The court, in *Fredericks v. Brown* (1956), 102 Ohio App. 117, with predecessor members, had addressed the problem of a contestants seeking to withdraw from a will contest and in effect work a dismissal of the contest even though numerous other plaintiffs sought to proceed. The headnotes read as follows:

"1. A party to a will contest action properly commenced within the statutory period of limitation and in conformity with statutory requirements may not withdraw from such action, and thereby defeat the right of the other parties to a jury trial to determine the validity of the will.

"2. Where a party to such action has been dismissed as a plaintiff, he may be made a party defendant; and, where others in the same class have been properly served with summons, such party may be served after the six-month period of limitation."

It would appear to be an anomaly that the General Assembly intended to resurrect the right of jury trial when properly demanded by any party, i.e., plaintiff or defendant, and have that intention defeated by the unilateral action of the contestants dismissing under Civ. R. 41. It is inferable that the legatee settled only with the contestants who agreed to dismiss, to defeat the right of appellant who desired to proceed with the contest.

"It is a settled rule of statutory construction that when a statute, or a clause or provision thereof, has been construed by the court of last resort of a state and the same is substantially re-enacted, the legislature adopts such construction unless express provision is made for a different construction or a contrary intention is clearly shown by the language or context of the act.

"Re-enactment of a statute creates a presumption of legislative adoption of previous judicial construction. It is not necessary that a statute should have been literally re-enacted to authorize the presumption that it was re-enacted in the light of the settled judicial construction that the prior enactment had received. Thus, a new law superseding older statutory provisions is to be given the same construction as the statutes which it supersedes unless, by clear and unambiguous language, the latter enactment requires a different construction." 85 Ohio Jur. 3d 354 Sec. 323 (Statute)

Former R. C. 2741.04 required an issue be made up "which issue shall be tried to a jury." This language was consistently interpreted by the Ohio Supreme Court to be imperative and mandatory. R.C. 2107.72(B)(1) now provides that when a jury trial is properly demanded "the action shall be tried to a jury." Nothing appearing to the contrary, it is reasonable to assume the General Assembly intended the same contention as given to the similar language in R.C. 2741.04.

We are persuaded, and thus hold, that where, as here, a party defendant has manifested an intention to be aligned with the contestants and properly requested a jury trial under the civil rules, Civ. R. 41 is inapplicable so that the plaintiff contestants cannot dismiss the contest so as to prevent the defendant desiring to contest the will from proceeding. The assignment of error is sustained the judgment reversed and remanded to the Common Pleas Court of Hocking County, Probate Division, for further proceedings.

*Judgment reversed.*

ABELE, P.J., & GREY, J., concur.