# HARPER *v.* CUNNINGHAM.

PLEADING AND PRACTICE ; DEMURRER ; SCIRE FACIAS ; PARTNER-
SHIP ; POWER OF ATTORNEY TO CONFESS JUDGMENT.

1. When a party pleads over after a demurrer is overruled, the
   demurrer passes out of the case, and cannot thereafter on
   appeal be made the basis of an assignment of error.

2. A plea to a *sci. fa.* to revive a judgment entered upon a power of
   attorney to confess judgment is sufficient, which states that the
   defendant had never been served with process, had never
   authorized anyone to appear for him, or had authorized anyone
   to empower anyone else to appear for him and confess judg-
   ment, and had never waived service of process or submitted
   himself to the jurisdiction of the court.

3. When to a *sci. fa.* to revive a judgment there are two pleas, one of
   *nul tiel record* and the other involving the validity of the judg-
   ment, and at the trial an objection by plaintiff that the issue of
   *nul tiel record* should not be tried by the jury but by the court, is
   overruled, such ruling will not be held error when at the close
   of the testimony the court directed a verdict for defendant on
   both issues because of the invalidity of the judgment.

4. One partner has no implied power to bind his copartner or the
   partnership property by a warrant or power of attorney to con-
   fess judgment, and a judgment so entered is invalid.

5. A person against whom a judgment has been rendered without ser-
   vice of process, is not precluded by any lapse of time from
   contesting its validity ; he can wait until it is sought to be
   enforced against him.

No. 534.   Submitted April 17, 1896.   Decided April 27, 1896.

HEARING on an appeal by the plaintiff from a judgment
on a verdict directed by the court in a proceeding by *sci.
fa.* to revive a judgment.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. J. Waters,* for the appellant.

*Mr. John Ridout,* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a proceeding upon a writ of *scire facias* to revive judgment; and it is the second time that the case has been before us. In our opinion on the former appeal, 5 App. D. C. 203, the circumstances that gave rise to the proceeding are fully stated, and need not be here repeated. Upon the plea of *nul tiel record* interposed by the appellee William Cunningham, defendant in the court below, and issue joined thereon, and the submission of the cause to the court below upon such issue joined, that court found in favor of the defendant, and thereupon entered judgment in his favor. The plaintiff, who is now again the appellant, then brought the case here by appeal. We there held, in reference to the two questions that were at that time raised before us by the record, 1st, that upon a plea of *nul tiel record*, production in evidence of a record, apparently regular upon its face, is *prima facie* sufficient to support the plea; and that defects in the record requiring extrinsic evidence to make them apparent, must be formally alleged before they can be proven; 2d, that a record, which shows an appearance of a party by attorney under a warrant purporting to have been executed by him authorizing the attorney to appear and confess judgment for him, will bind such party until it is proved that the attorney acted without authority; and, 3d, that the act of Maryland of 1747, ch. 23, prohibiting the courts from entering judgments by confession under warrants of attorney to confess judgments contained in what were known as judgment bonds, had no application to cases like the present, and must be confined in its operation to the special class of cases for which it was intended, as expressed in the preamble.

The former judgment was thereupon reversed, and the cause remanded for a new trial; and the result of that new trial is now before us for such review as it may be entitled to receive.

It appears that two pleas were interposed in the first in-

stance to the writ of *scire facias :* 1st. That of *nul tiel record,* upon the decision of which adversely to the judgment creditor the former appeal to this court was based ; 2d. The special plea that the defendant, the appellee here, had never been served with process, had never authorized anyone to appear for him or confess judgment against him in the cause, and had never waived service of process or submitted himself to the jurisdiction of the court in the cause. This second plea was subsequently amended so as to include the allegation, to meet the special circumstances of the case, that he had never authorized anyone to empower anyone else to appear for him and confess judgment against him in the cause, and that he never appeared therein either in person or by counsel. To this amended second plea the plaintiff demurred ; but the demurrer was overruled, and he thereupon joined issue upon it. He had already joined issue upon the first plea.

This was the condition of the record at the time of the former trial, which came before us for review in the appeal heretofore mentioned. The judgment of the court below at that trial was based on the first plea alone, that of *nul tiel record ;* and as the decision of that court, as then rendered, disposed of the plaintiff's whole case, trial of the issue upon the second plea became unnecessary.

The determination by this court upon the former appeal was virtually a determination of the issue on the plea of *nul tiel record* in favor of the plaintiff. But no judgment was directed to be entered in his favor ; and with another plea still pending and undetermined, none could properly be directed or entered. We simply reversed the judgment, and remanded the cause for a new trial.

When, thereafter, the cause came on for such new trial, the court directed a jury to be sworn to try the issues therein. Whereupon the plaintiff objected that the issue of *nul tiel record* should not be tried by a jury, but by the court. But the court overruled the objection; and held that the pleadings taken together presented an issue of fact to be

tried by the jury and the court.    And this ruling was made a ground of exception by the plaintiff, and of an assignment of error before us.

The plaintiff then offered in evidence "*the record in the said case from the declaration filed therein to the entry of judgment in his favor in the minutes of said Supreme Court, inclusive; also, the power of attorney to confess said judgment, filed with said record.*" The court admitted the record in evidence, but refused to admit the power of attorney, without proof of its execution, the consent of the defendant Cunningham thereto before its execution, and the partnership of Cunningham with Brown.    To this refusal of the court the plaintiff also took an exception, and the exception is made the basis of an assignment of error.

The plaintiff then undertook to prove the execution of the power of attorney in question, upon which, as is apparent both from our former opinion and the present, practically depends the determination of this whole controversy.

In order to prove a partnership between the two men, Brown and Cunningham, by whom or on behalf of whom the power of attorney purported to have been executed, the plaintiff offered in evidence a mortgage given by them in their individual names to secure the payment of the purchase money of the canal boat " F. L. Moore," out of the employment of which these proceedings had their origin; and this proof was rejected by the court.    The mortgage does not appear in the record; nor does it appear what its recitals were.  · Another mortgage on the boat, similarly executed, to secure payment for a boiler. and engine furnished to it, was also offered, and similarly refused.

Then the plaintiff offered the oral testimony of Brown, one of the original defendants to the suit, who testified that the signature, " Brown and Cunningham," affixed to the power of attorney, was in his (Brown's) handwriting and attached by him; that a short time before the execution of that paper, Cunningham had told witness that he would have nothing more to do with the boat; that he (Brown)

could take the boat and do the best he could with it, which he appears to have done; that he (Brown) "considered that he had been in partnership with said Cunningham from about 1876 to 1878; that he could not remember well, having no record nor the like; that the partnership was in the ownership and running of the boat 'F. L. Moore;' that he considered there was a partnership, because he and Cunningham together bought the machinery;" gave notes in part payment therefor signed by Brown and Cunningham; and that they were to divide the profits, if any.

Thereupon the plaintiff seems to have again offered the power of attorney; and it was again refused to be admitted, on the ground of the insufficiency of the proof. To this ruling the plaintiff excepted, and then rested his case.

The defendant, without offering any testimony, thereupon moved the court for an instruction to the jury to return their verdict for the defendant, which instruction the court gave; and the verdict was accordingly so returned on all the issues joined, and judgment was rendered thereon, from which the plaintiff has appealed to this court.

1. The first assignment of error is based upon the overruling by the court below of the plaintiff's demurrer to the defendant's amended second plea. But this assignment is plainly untenable. It is well-settled law, that when a party pleads over, after a demurrer is overruled, that demurrer passes out of the case, and can have no place in the review of the cause in an appellate tribunal. *Campbell* v. *Wilcox*, 10 Wall. 421; *Aurora* v. *West*, 7 Wall. 82; *Stanton* v. *Embry*, 93 U. S. 548. An exception to this rule apparently is when the declaration plainly fails to state a cause of action, and the defect is such as might be availed of on motion in arrest of judgment, in which case a party may plead over and go to trial, without losing his right to have the judgment upon the verdict overruled for an error in overruling a demurrer to the declaration. *Teal* v. *Walker*, 111 U. S. 242. But

this exception is plainly confined to the case of a declaration that states no legal cause of action, and where, therefore, all foundation is wanting for any valid proceeding thereafter, without amendment of such declaration. It has no application to the case of a good cause of action imperfectly stated, or perhaps to any pleadings subsequent to the declaration—to anything, in fact, that can be supposed to have been cured by the verdict of a jury, or to have been involved in an issue resulting in such verdict. The question involved in a demurrer may often, if substantial, be raised again in a mode in which it may be presented to an appellate court for review; but the demurrer, when overruled, passes out of the case, and cannot thereafter be made the basis of an assignment of error. But even apart from this, while perhaps the defendant's second plea might possibly have been made more specific, we do not think that the court below was in error in sustaining its sufficiency. It presented the defence relied on fairly and fully, and with sufficient clearness. The defendant was not bound to negative all possible conditions. It was sufficient for him in his plea to allege that none of the conditions existed which would give the court jurisdiction of his person. Matters accruing subsequently to the judgment, such, for instance, as ratification of it, or failure to object to it in due time, when such objection was demanded by circumstances, may operate by way of estoppel to prevent a party from contesting the validity of a judgment, and may be shown upon trial to constitute such estoppel; but it would be unreasonable to require that all such conditions should be negatived in a plea. The allegation of them would be more properly matter for replication.

2. In the second place, if there was error, as claimed by the appellant, in the submission to the jury by the court below of the issue on the plea of *nul tiel record*, together with the other issue evolved in the case, it is not apparent that this error has prejudiced the appellant. The decision of the issue, after all, was a decision by the court; for the

verdict of the jury. upon it was peremptorily directed; and it would seem to make no difference under the circumstances whether the court rendered judgment on the issue without the intervention of a jury or with it, as long as the decision is the positive direction of the court, and it is equally subject to review in this court upon the appeal. The error, if it be such, is one that cannot properly be said to have in any manner prejudiced the rights of the appellant. The issue of *nul tiel record* of itself, to be determined by an inspection of the record, is one, of course, for the court alone, and not for the jury. But the substantial issue here was that raised by the second plea, which alleged defects that required extrinsic evidence to make them apparent, but which, when they became apparent, were sufficient to destroy the integrity of the supposed record. When the facts concerning such alleged defects are found in favor of a defendant it follows, as a matter of law, that there is no such record as can be used against him. In the present instance, the jury in fact tried neither issue; and the appellant's substantial ground of complaint, if he has any, is, not that the court submitted both of the issues in the case to be tried by the jury, but that it took both away from them.

3. After all, the substantial question in this case, as we have already intimated, is whether for the purposes of this suit the appellee is bound by the power of attorney to confess judgment given in the case, confessedly not signed or executed by himself, and not shown in any manner to have been done with his knowledge or consent, but with which it is sought to charge him solely and exclusively on the ground that at the time of its execution, or prior thereto, he had been in partnership with the person who actually executed the paper, and who assumed to execute it for the appellee as well as for himself, under a designation purporting to be a partnership designation.

It may be that it was not incumbent on the appellant to prove that the power of attorney in question was author-

ized by the appellee. The authorities cited in our former opinion in the case, and other decisions that might be cited, would seem to indicate that in such cases the party claiming under a record might rest upon the apparent regularity of the record when produced, and leave to the defendant the burden of contesting it and showing the defects that would render it invalid. If the plea should be regarded as the equivalent of a plea of confession and avoidance, that would be the logical order of proof. But the appellant assumed, probably not without reason, the burden upon himself of showing that the alleged defects did not exist, and that the record was regular in every respect. But the proof adduced by him for that purpose not only fails to substantiate his claim, but proves conclusively that there is no sufficient foundation for it, and that the warrant of attorney, that constitutes the basis of his proceedings against the appellee, was wholly unauthorized by the latter. It shows not only that the appellee knew nothing about the actual execution of the paper, and had no part in it, but that at the time of its execution there was no partnership in existence that would in any manner warrant its execution. It is not quite certain that there ever was any partnership between Brown and Cunningham ; for joint ownership is not partnership ; nor is participation in the profit of the hiring of a thing owned jointly or in common necessarily a partnership. But if there ever was a partnership between these parties, that partnership had been terminated and had come to an end. For the witness Brown, who is the plaintiff's only witness in the matter, distinctly testifies " that a short time before said judgment was confessed Cunningham told witness that he would not have anything more to do with the boat ; that he (Brown) could take the boat, and make the best he could out of it and manage things the best he could." The partnership claimed to exist, according to this same witness, was merely " in the ownership and running of the boat ;" and that partnership, if it ever existed, was necessarily dissolved by this abandonment by Cunning-

ham. This dissolution was "a short time before the said judgment was confessed"—by which the witness evidently means before the execution of the power of attorney to confess judgment, upon which, however, the actual confession of judgment in court immediately followed, the warrant having been executed on Saturday, June 1, 1878, and the judgment having been confessed on Monday, June 3, 1878.

Now, it is perfectly well settled that, after the dissolution of a partnership, one of the partners cannot bind the others or the partnership property by a warrant or power of attorney to confess judgment, or by an appearance to a suit, or by an acknowledgment of an indebtedness, or by any new undertaking or liability of any kind. Indeed, it is perfectly well settled that, even during the existence of a partnership, one partner cannot confess judgment so as to bind his copartners. *Hall* v. *Lanning*, 91 U. S. 160 ; *Clark* v. *Bowen*, 22 How. 270 ; *Bell* v. *Morrison*, 1 Pet. 351 ; *Karthaus* v. *Ferrer*, 1 Pet. 222 ; Story on Partnership, sec. 114. Parsons on Partnership, sec. 179. Therefore, even if these parties were actually partners, as claimed by the appellant, there was no power by virtue of such partnership in the one to bind the other by a confession of judgment, or by a warrant to an attorney to confess judgment for the partnership. For, of course, if one partner cannot confess judgment against the partnership so as to bind his copartners, he cannot authorize an attorney to do so. For no man can give a power which he does not himself possess.

4. The contention of the appellant in the present case is based exclusively upon the theory that Brown and Cunningham were partners, and that, by virtue of such partnership, Brown had the implied authority to execute the power of attorney to confess judgment, upon which alone the judgment against the appellee is based. It is, as we have seen, the rule laid down by the Supreme Court of the United States, and practically by all the authorities, that partners have no such inherent or implied powers ; and as

no express authority is claimed or sought to be shown, we must conclude that there was no authority in Brown to bind his copartner, the appellee, by the power of attorney with which it was sought to bind him; and that as to the appellee such power of attorney is null and void, and if the power of attorney to confess judgment is null and void, the judgment confessed in pursuance of it must fall with it.

5. It is argued further, on behalf of the appellant, that if, notwithstanding the original invalidity or irregularity of the judgment, the appellee subsequently ratified it, he would now be bound by it. But there is no proof whatever of any kind to show subsequent ratification of the judgment in this instance by the appellee; nor is there anything in the record before us to show that the appellee even knew anything of the judgment before the time of the issue of the writ of *scire facias.* The only ground on which it is sought to base this theory of ratification is, that the appellee failed for eighteen months to object to the judgment. We are not aware of any statute or of any rule of law that provides a limitation of eighteen months, or any limitation whatever, in such cases. It would be an absurdity to suppose that a person, against whom a judgment has been rendered without any service of process whatever, could be precluded by any lapse of time from contesting its validity. Even though he has become aware of its existence, there is no rule of law or of reason that requires him to take any action for its annulment. He may wait until it is sought to be enforced against him. This is a position so well settled that it would be useless to enlarge upon it, or to cite authorities in its support.

We do not find any error in the record of this case; and we must, therefore, *affirm the judgment of the court below, with costs, and it is so ordered.*