RHODES, ADMR., APPELLEE, *v.* VALLEY GREYHOUND LINES, INC., APPELLANT.
RHODES ET AL., APPELLEES, *v.* VALLEY GREYHOUND LINES, INC., APPELLANT.

(Nos. 417 and 418—Decided June 22, 1954.)

*Mr. Willard C. Walter* and *Messrs. Knepper, White & Dempsey,* for appellant.
*Mr. Leon A. Ransom,* for appellees.

COLLIER, J. These two cases arise out of a collision on September 3, 1948, between a bus of the Valley Greyhound Lines, Inc., and a truck operated by Stanley Forrest Davis. In the collision, Elsie Marcia Rhodes, aged six years, was killed, and Louise Rhodes claims to have suffered some personal injuries. They were passengers on the bus. These two actions were filed on April 28, 1949, in the Court of Common Pleas of Ross County, Ohio, to recover damages. The proceedings in the two cases have been identical and therefore the two cases will be considered as one.

A summons was issued for the Valley Greyhound Lines, Inc., on April 28, 1949. Its return day was on May 9, 1949. On May 10, 1949, the sheriff filed his return, in which he certifies, "At 2 o'clock p. m., on May 7, 1949, I served the within named Valley Greyhound Lines, Inc." On May 27, 1949, Valley Greyhound Lines, Inc., appeared specially, denying the jurisdiction of the court over its person, and moved to quash and set aside the pretended service of summons and sheriff's return. The journal entry ruling on this motion contains the following two paragraphs:

"It is, therefore, ordered, adjudged and decreed that said motion to quash the service of summons herein on Valley Greyhound Lines, Inc., be and it hereby is overruled and that the motion to set aside the return thereon be and it hereby is sustained.

"And it appearing to the court that there is now no return on said service and that no lawful return thereon can be made, it is further ordered that said service of summons be set aside."

This journal entry was filed June 23, 1950, and on the same day an alias summons for the defendant was issued. The sheriff's return was filed July 3, 1950, and on July 20, 1950, the defendant, by special appearance, moved to quash and set aside the pretended service of summons and return thereon. This motion was sustained by an entry filed February 24, 1951.

On August 22, 1950, an alias summons was issued for the defendant. The return of the sheriff was filed August 30, 1950. On October 5, 1950, the defendant, by special appearance denying the jurisdiction of the court over its person, moved to quash and set aside such pretended service of summons and the return thereon. This motion was sustained by an entry filed February 24, 1951. On February 27, 1951, another alias summons was issued for the defendant, and the

sheriff's return, filed March 3, 1951, shows pretended service on February 28, 1951. On March 21, 1951, the defendant, by special appearance, moved to quash and set aside such pretended service of alias summons and return thereon.

On October 3, 1951, the trial court, on its own motion, after having given notice to attorneys for both parties and after oral argument, put on a journal entry finding that the journal entry dated June 23, 1950, was inconsistent and did not express correctly the ruling of the court on the first motion filed by the defendant to quash service of summons on said defendant, and, by a nunc pro tunc order, directed the second paragraph above quoted from said journal entry of June 23, 1950, be stricken from the entry as a part of the decision and order of the court.

An examination of this journal entry of June 23, 1950, clearly discloses that it is inconsistent. In one paragraph the motion to quash the service of summons is overruled and in another paragraph the service of summons is set aside. After deleting the second paragraph of said entry above quoted, the trial court, by the nunc pro tunc order of October 3, 1951, overruled defendant's motion to quash the service of summons but sustained the motion to set aside the return thereon.

On September 26, 1953, the trial court overruled defendant's motion, filed March 21, 1951, to quash and set aside the pretended service and return thereon of the summons issued February 27, 1951. It is from that order the defendant now appeals.

It should be observed that the ruling of the court of September 26, 1953, overruling defendant's last motion to quash service of summons and the return thereon is the only final order in all these proceedings from which an appeal could be taken by either party.

In none of its rulings on said motions did the court dismiss plaintiff's petition and render final judgment against the plaintiff. The defendant had no right of appeal until after the statute of limitations had run against the commencement of such action for damages. In other words, the defendant was denied no substantial right until after it could claim the running of the statute of limitations. In each case the two-year statute of limitations applies. Sections 11224-1 and 10509-167, General Code (Sections 2305.10 and 2125.02, Revised Code), respectively. In this state of the record, a reviewing court may consider the entire record to determine whether or not the trial court acquired jurisdiction over the person of the defendant.

As we view the record, this situation does not call for the application of the plaintiff's right to amend the sheriff's return as provided by Section 11363, General Code (Section 2309.58, Revised Code). The sheriff's return, although filed one day after the return day, is regular on its face and certifies to the fact that the defendant was properly served with summons on May 7, 1949. There is no defect in the return that requires correction by amendment. The question is whether the sheriff's failure to file his return on or before the return day thereon renders the service of summons void.

A "return" is in the nature of evidence and is evidence by which the court is informed that the defendant has been given legal notice to appear in court. As stated in *Paulin* v. *Sparrow,* 91 Ohio St., 279, at page 289, 110 N. E., 528:

"The important question is not whether the return of service is defective, but rather, was the defendant in fact duly and legally served with process?"

This is a matter that is subject to proof, and the return, although filed one day late, is some evidence—

in our opinion it is prima facie evidence—of such fact. It will be noted that the defendant's attack is not on the service of summons, but rather on the proof of such service—*i. e.*, the sheriff's return. The service of process and not the return gives the court jurisdiction over the defendant. *Gunter's Unknown Heirs* v. *Lagow* (Tex. Civ. App.), 191 S. W. (2d), 111. The case of *Rowe's Admr.* v. *Hardy's Admr.*, 97 Va., 674, 34 S. E., 625, 75 Am. St. Rep., 811, is a parallel case in which it is held that in the absence of evidence to the contrary, a sheriff's undated return on an execution is presumed to have been endorsed thereon while he had a right to make the same, though the execution was not returned or filed with the clerk until after the return day, and that the execution is competent record evidence on its being filed with the clerk, though filed after the return day.

42 American Jurisprudence, 104, Section 117, on the subject of *Process* reads as follows:

"It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served. The failure to return the summons with the proof of service does not go to the extent of depriving the court of its jurisdiction over the person of the defendant who has been properly served where proof of such service has been made in a manner provided by law. If the officer fails to return the writ, he may be compelled so to do by the court."

After a consideration of the entire record, we reach the conclusion that the sheriff's return on the first summons issued on April 28, 1949, though filed one day after return day, is competent evidence and sufficient to show, in the absence of any evidence to the contrary, the defendant was legally and lawfully served with

summons on May 7, 1949; that the issuance and service of all subsequent summonses were unnecessary and were superfluous proceedings for the reason that the court acquired jurisdiction over the person of the defendant on the service of the first summons that was issued, ample and competent proof of which was contained in the sheriff's return thereon, though it was filed one day after return day.

Jurisdiction of the court having attached on the service of the first summons, the court continues to have jurisdiction to make final disposition of the case.

Whatever the reason may have been for issuing the summons February 27, 1951, the defendant could not have been prejudiced thereby. Therefore, the trial court was correct in overruling defendant's motion to quash and set aside the service of the alias summons and the return thereon.

The judgments of the trial court are affirmed and these causes are remanded to the Court of Common Pleas for further proceedings according to law.

*Judgments affirmed.*

GILLEN, P. J., and McCURDY, J., concur.