STALEY ET AL., APPELLANTS, *v.* SCHECK, EXR., ET AL., APPELLEES.

(No. 7963—Decided December 20, 1954.)

*Mr. Robert Adair Black* and *Mr. John M. McCaslin,* for appellants.

*Mr. Robert C. Porter, Jr.,* for appellees.

Ross, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

The trial court overruled a motion by plaintiff to make a party defendant and sustained the motion of defendant to dismiss a petition to contest a will.

No bill of exceptions is presented here, nor was any filed in the trial court.

This court is confined to the allegations of the petition, sworn to only on belief, to ascertain the facts presented to the trial court, upon such motions. Passing the question whether such source is sufficient to present the necessary facts required to consider this appeal, it appears from such allegations that Stella L. Staley, mentioned in the petition, was the guardian of her children, who were related to the testatrix, and was a legatee under the will of such testatrix, but was related to such testatrix only by marriage to Luke A. Staley, a nephew of the testatrix, who predeceased the testatrix. Such legatee was served in her official capacity only, as guardian of her children. As such legatee she was a necessary party to the will contest. Section 2741.02, Revised Code. No summons was attempted to be issued to her personally until after the six months statutory period. (Section 2741.09, Revised Code.) The plaintiff contends that proper issuance of summons to her colegatees is sufficient to cause commencement of the action to contest the will by virtue of the provisions of Section 2305.17, Revised Code (Section 11230, General Code).

This court has held that such section has no application to actions other than those predicated upon the sections of the Code mentioned in Section 2305.17, Revised Code. *Coughlin* v. *Passionist Monastery of The Holy Cross,* 59 Ohio App., 433, 18 N. E. (2d), 496. This position is not sustained by decisions of the Supreme Court to the contrary. *McCord* v. *McCord,* 104 Ohio St., 274, 135 N. E., 548; *Draher* v. *Walters,* 130 Ohio St.,

92, 196 N. E., 884; *Case* v. *Smith, Admx.,* 142 Ohio St., 95, 50 N. E. (2d), 142 (note the dissent of Judge Zimmerman therein); and *Peters* v. *Moore,* 154 Ohio St., 177, 93 N. E. (2d), 683.

Judicial subordination requires this court to conform its conclusions to those decisions of the Supreme Court.

If, therefore, Stella L. Staley is "united in interest" with other colegatees to whom summons has been issued (Section 2703.01, Revised Code), the action to contest the will has been commenced by virtue of the provisions of Section 2305.17, Revised Code, so held to be applicable, and she may be made a party as necessary to such will contest. All her colegatees are *also* either heirs or next of kin of the testatrix. She is *only* related to the testatrix by marriage to a husband who predeceased the testatrix. If the contest of the will were successful, she would take nothing from the testatrix under an intestate distribution. Her colegatees, on the contrary, would share in such estate under the statutes of descent and distribution. She is a necessary party and no summons was sought to be issued to her personally until after the elapse of the six months statutory period of limitation for a will contest.

It appears, therefore, that there is a defect of parties required under Section 2741.02, Revised Code, since, not being "united in interest" with colegatees to whom service has been issued, the issuance of summons to them is ineffective to commence the action to contest the will. It was too late to have her made a party and cause summons to issue to her, the six months statutory period having elapsed before application therefor was made. The motion to make her a necessary party was properly overruled, and there being a defect of parties required by Section 2741.02, Revised Code, the motion to dismiss the petition was properly granted.

The judgment of the Court of Common Pleas is, therefore, affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.