Frank G. TATE, Appellant,

v.

Benjamin F. KELLEY, Appellee.

No. 1900.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 22, 1957.

Decided March 4, 1957.

E. Lewis Ferrell, Washington, D. C., with whom Thurman L. Dodson, Washington, D. C.. was on the brief, for appellant.

Joseph D. Malloy, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On August 14, 1956, appellant moved to vacate a default judgment entered on May 24, 1955, against him in favor of appellee. The basis of his motion was his claim that he had never been served with process and had no knowledge of the suit or judgment until a few days before filing his motion, although the marshal's return showed that appellant had been personally served. The trial judge denied the motion, holding that the trial court's Rule 60(b) (6) requires that a motion to vacate a judgment be filed within a reasonable time, and that the record and evidence showed appellant had notice of the action. This appeal followed.

Both parties have argued here the effect and scope of the trial court's Rule 60(b) (6), which in substance is the same as Federal Rule of Civil Procedure 60(b) (6), 28 U.S.C.A.; but in our view that rule has no bearing on the case. The ground advanced by appellant in support of his mo-

tion was the alleged lack of service. This raised but one question: Was appellant personally served as indicated on the marshal's return? If he was so served, the motion should be denied because he advanced no ground for relief under Rule 60 (b) (6). On the other hand, if he was not served with process, the court acquired no jurisdiction over him, the judgment was void, and the motion should be granted. Rule 60(b) (4) provides for relief from a void judgment, and the reasonable time limitation with respect to such relief "must generally mean no time limit." 7 Moore's Federal Practice (2d ed.) § 60.25 [4].[1]

We do not understand that the trial court, in holding that appellant had "notice of the action," held that appellant had been served with process.[2] Accordingly, the case must be remanded in order that the trial court may determine whether appellant was served with process. In so remanding we point out that although in some jurisdictions it is held that a marshal's return is conclusive,[3] the majority and better rule is that the return is prima facie evidence of the facts stated therein and strong and convincing proof is required to rebut the presumption of its verity.[4]

Reversed and remanded.

1. "It would be an absurdity to suppose that a person, against whom a judgment has been rendered without any service of process whatever, could be precluded by any lapse of time from contesting its validity. Even though he has become aware of its existence, there is no rule of law or of reason that requires him to take any action for its annulment. He may wait until it is sought to be enforced against him." Harper v. Cunningham, 8 App.D.C. 430, 439.

2. There was some evidence that some man who had identified himself as a brother of appellant, knew of the pendency of the action.

3. Cohen v. Krigstein, 10 Terry 256, 49 Del. 256, 114 A.2d 225; Kane v. Travis, 172 Pa.Super. 220, 92 A.2d 902; Caskie v. Durham, 152 Va. 345, 147 S.E. 218.

4. Lavino v. Jamison, 9 Cir., 230 F.2d 909; Hicklin v. Edwards, 8 Cir., 226 F.2d 410; Cleaves v. Funk, 10 Cir., 76 F.2d 828; Plummer v. Rosenthal, 178 Md. 149, 12 A.2d 530; Couch v. International Brotherhood of Teamsters, Okl., 302 P.2d 117; Rhodes v. Valley Greyhound Lines, 98 Ohio App. 187, 128 N.E.2d 824; Holmes v. Conter, 212 Minn. 394, 4 N.W.2d 106; Chader v. Wilkins, 226 Iowa 417, 284 N.W. 183; Howard v. Drinkard, 261 Ala. 555, 74 So.2d 704; Wilson v. King, 227 La. 546, 79 So.2d 877.