**HOLLYWOOD CREDIT CLOTHING CO.,**
Inc., a corporation, Appellant,

v.

Nathaniel WILLIAMS, Appellee.

No. 1922.

Municipal Court of Appeals for the
District of Columbia.

Argued March 4, 1957.

Decided April 30, 1957.

Alvin L. Newmyer, Jr., Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

Carroll F. Tyler, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In June 1953 appellant obtained a judgment by default against one Nathaniel Williams. Three years later garnishment proceedings were instituted against his employer, and its answer, filed June 13, 1956, disclosed credits due him in the amount of $78.52. On June 16, one Nathaniel Leonza Williams filed a motion to set aside and vacate the judgment, supported by an affidavit which read in part:

"Nathanial [sic] Leonza Williams, being first duly sworn on oath according to law, deposes and says as follows:

"On Friday, June the 8th, 1956, I was advised by my employer, the Roscoe Engineering Company of 1107 19th Street, N. W., Washington, D. C., that my wages had been garnished, pursuant to an alleged judgment and suit against me in the above entitled cause. I was not, and am not, nor have I ever been to my knowledge prior to June 8, 1956, a defendant, that is to say a knowing defendant against the Hollywood Credit Clothing Company of Washington, D. C.

"I have never lived at or known anyone at the address of 308 Virginia Ave-

nue, S. E., Washington, D. C. I am not indebted to the Hollywood Credit Clothing Company now nor any time in the past. Nor has my wife at any time in the past or present become indebted to the Hollywood Credit Clothing Company on my behalf. I have never been served with service of process of any kind nor received any prior notice in connection with the above matter."

No controverting affidavit was filed by Hollywood.

At the hearing on the motion, Williams' attorney informed the court that he was present and ready to verify the statements set forth in his affidavit. Counsel for Hollywood objected on the ground that the question presented was one of law and not of fact, and from the record before us it appears that no testimony was taken to determine whether the judgment was in fact void because of lack of service. The motion was taken under advisement and pending decision, a praecipe was filed by Hollywood, but not countersigned by Williams, indicating that the claim had been paid and satisfied.[1] In July the court granted the motion and the judgment was vacated. Thereafter, a motion to set aside the order was filed by Hollywood, supported by an affidavit[2] of one Goodman, who testified at the hearing that he was Hollywood's collection manager, that after the garnishment was served on Williams' employer, Williams came to the store and later telephoned relative to releasing the attachment, at which time he agreed to forego the balance due and consider the account paid in full, in view of the large amount already obtained under the attachment. The motion to vacate the order setting aside the

judgment was denied. No memorandum or notation was made by the trial court, nor did the court state on what basis its denial was predicated.

In appealing Hollywood contends that the court erred in setting aside the judgment and that the proper procedure would have been for Williams to file a motion to quash the attachment on the ground of mistaken identity. It also urges that there had been an accord and satisfaction and therefore Williams was estopped from attacking the judgment. We think that in view of the record before us and the uncontroverted affidavit of Williams—that he was not the person sued, was never served with process, and had never lived at the address where the suit papers were left by the marshal—the court should have held a full and complete hearing, with the right to examine witnesses. As we recently stated,[3] if a defendant is never served with process, the court acquires no jurisdiction over him and any judgment entered would be void.[4] Williams should have been given an opportunity at the hearing to testify as to all material facts, including the alleged agreement with Hollywood, in accordance with Municipal Court Civil Rule 43(d), which provides:

"Evidence on Motions. When a motion is based on facts not appearing of record the court may hear the matter on affidavit presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

The case is therefore remanded with instructions to afford all parties an opportunity to present testimony in order that the various contentions may be resolved by

1. The praecipe was filed June 19, 1956, three days after Williams had filed his motion to vacate the judgment.

2. The motion was filed July 24, 1956, but the affidavit was not filed until July 28 (Saturday) and therefore not received by

Williams' counsel until July 30, one day before the hearing.

3. Tate v. Kelley, D.C.Mun.App.1957, 129 A.2d 855.

4. Municipal Court Rule 60(b) (4).

the trial court. and its findings recorded. This court may then properly consider the issues raised on appeal.

It is so ordered.