BLAIR, APPELLANT, *v.* FENTON ET AL., APPELLEES.
FENTON ET AL., APPELLEES, *v.* BLAIR ET AL., APPELLANTS.

(Nos. 481 and 482—Decided December 20, 1961.)

*Messrs. Blair & Blair*, for appellants.

*Mr. Marshall G. Fenton* and *Mr. John S. Phillips*, for appellees.

*Mr. E. A. Moats* and *Mr. Wm. W. Stanhope*, for certain other defendants.

COLLIER, J.   On September 29, 1960, plaintiffs Marshall G. Fenton and John S. Phillips filed their petition in case No. 30683 in the Common Pleas Court of Ross County, Ohio, seeking an order in partition of certain described real estate located in that county.   Ten defendants were listed in the petition as tenants in common in the ownership of the premises described therein.   A praecipe was attached to the petition for the issuance and service of summons on only eight of the named defendants, the names of two of the defendants being omitted therefrom.   On the same date summons was issued to the Sheriff of Ross County for each of the eight defendants.

On the next day, September 30, 1960, plaintiff Byron Blair

filed his petition in case No. 30685 in the Common Pleas Court of Ross County, Ohio, in an action for partition of the same real estate as that described in case No. 30683, and named as parties the same persons as owners thereof who were made parties in case No. 30683. A praecipe for the issuance and service of summons on all the parties defendant was filed by the plaintiff with his petition in case No. 30685, and summonses were issued accordingly. The record shows all defendants in both cases were either served with summons or entered their appearance no later than November 11, 1960.

The plaintiffs in the first suit filed, having been made defendants in the second suit, filed an answer alleging the pendency of the first suit and denied for this reason the jurisdiction of the court in the second suit.

After hearing, the trial court granted an order of partition in the first case filed, case No. 30683, and dismissed the petition in case No. 30685. The plaintiff in the latter case has perfected his appeal on questions of law to this court.

The appellant contends that case No. 30683, although previously filed, was not properly commenced for the reason a praecipe was not filed for the issuance and service of summons on *all* the parties defendant; that under the provisions of Sections 2703.01 and 2703.02, Revised Code, in order to properly commence an action, the plaintiff is required to file a praecipe with the clerk of courts stating the names of all the parties to the action and demanding that a summons issue to all the parties; that the plaintiffs having failed to file a praecipe for summons on two of the defendants, the action was not properly commenced; and that of the two civil actions, identical as to parties and subject matter, the court has jurisdiction over the first action properly commenced.

Section 2703.01 reads: "A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

And Section 2703.02, so far as pertinent, reads: "The plaintiff shall also file with the clerk of the court a praecipe, stating therein the names of the parties to the action * * * and demanding that a summons issue."

Appellant concedes that the plaintiffs in case No. 30683 complied with these statutes except for their failure to name

all the defendants in the praecipe for the issuance and service of summons. Extraneous to the record, appellees, in their brief, say that they knew the two defendants whose names were omitted from the praecipe lived beyond the jurisdiction of the court, that the sheriff could not serve them in his bailiwick and that these defendants would and did later enter their appearance.

In our opinion, in addition to the statutes above quoted, Section 2305.17, Revised Code, must be considered in determining when a civil action has been commenced. This statute reads:

"An action is commenced within the meaning of Sections 2305.03 and 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

Since it appears from the record that a praecipe was filed for summons on some of the defendants, followed by the service of summons on such defendants, the question arises whether the codefendants in this action are "united in interest" within the meaning of that statute. It was held in the case of *McCord* v. *McCord*, 104 Ohio St., 274, that:

"2. Codefendants are 'united in interest' within the meaning of the provisions of Section 11230, General Code [Section 2305.17, Revised Code], only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action."

See, also, *Staley* v. *Scheck, Exr.*, 99 Ohio App., 242. Certainly all the codefendants in a partition suit are similarly interested in and will be similarly affected by the order of partition and are, therefore, "united in interest" within the meaning of the provisions of that statute. In construing such statute, now Section 2305.17, Revised Code, our Supreme Court, in the case of *Draher* v. *Walters*, 130 Ohio St., 92, held that in an action against several defendants, "united in interest," service of summons upon one of them will be termed commencement of the

action as to each of the defendants in that class, and that actual service of summons can thereafter be made upon the remainder of the defendants in that class.

It is true that the *McCord* and *Draher cases, supra,* each involved the contest of a will. By reason of the nature of a will contest proceeding the rule announced in those cases more often finds application in such case than in other actions. However, the terms of the statute are general and in no way are limited to one class of litigation; the rule applies to civil actions generally.

Our conclusions are that it was not mandatory for the plaintiffs in case No. 30683 to file a praecipe including all the parties defendant named in the petition; that when plaintiffs filed the petition in case No. 30683 with the clerk of courts on September 29, 1960, with a praecipe for summons on eight of the ten defendants, which was followed by service of summons on such defendants or their entry of appearance within sixty days thereafter, the provisions of the statute were complied with, the action was properly commenced and the jurisdiction of the court attached on that date; that such action was pending when the petition in case No. 30685 was filed on September 30, 1960, involving the identical parties and the same subject matter; and that the judgment of the trial court was correct and must be affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and BROWN, J.