COOK ET AL., APPELLANTS, *v.* SEARS, CO-EXR., ET AL., APPELLEES

[Cite as Cook v. Sears, 9 Ohio App. 2d 197.]

198

(No. 207—Decided February 8, 1967.)

*Messrs. Applegate, Bolon, Boyd & Alban*, for appellants.
*Messrs. Meredith, Meredith, Tait & Basinger*, for appellee
Ƒ. Bringle McIntosh.
*Mr. C. A. Naus*, for appellee Fern Culver Erickson.
*Mr. John Eckler*, for appellees The Ohio Wesleyan University and Herman M. Shipps.

Guernsey, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Wyandot County dismissing plaintiffs' petition in a will contest action.

Among other legatees named in the will of Charles H. Lewis, deceased, admitted to probate on January 23, 1965, were twelve organizational legatees, not specified as being, but apparently being, unincorporated associations, corporations not for profit, religious associations, fraternal organizations, etc. In the caption of the petition filed July 7, 1965, in the body thereof, in the precipe for summons, in the summons, and in

some of the returns of summons, these legatees were not named defendants specifically as named in the decedent's will but were named therein as indicated:

| Name In Will: | Name In Pleadings and Process: |
|---|---|
| 1. Board of Trustees of The Harpster Methodist Church, of the Village of Harpster, Wyandot County, Ohio | 1. Austin Wagner, President of the Board of Trustees of The Harpster Methodist Church of the Village of Harpster, Wyandot County, Ohio |
| 2. Board of Trustees of The Little Sandusky Methodist Church, of Little Sandusky, Wyandot County, Ohio | 2. Stephen Swihart, President of the Board of Trustees of The Little Sandusky Methodist Church of Little Sandusky, Wyandot County, Ohio |
| 3. Board of Trustees of The Wyandot Methodist Church, of the Village of Wyandot, Wyandot County, Ohio | 3. Mrs. Betty Jury, President of the Board of Trustees of the Wyandot Methodist Church of the Village of Wyandot, Wyandot County, Ohio |
| 4. Board of Education of Harpster-Little Sandusky Village School District, Wyandot County, Ohio | 4. Carl Gerber, President of the Board of Education of Harpster-Little Sandusky Village School District, Wyandot County, Ohio |
| 5. Council of the Village of Harpster, Wyandot County, Ohio | 5. Carl V. Erickson, President of The Council of the Village of Harpster, Wyandot County, Ohio |
| 6. Wyandot Memorial Hospital, Upper Sandusky, Wyandot County, Ohio | 6. Carl F. Karg, President of the Board of Trustees of The Wyandot Memorial Hospital, Upper Sandusky, Wyandot County, Ohio |

7. Blood Bank Fund of Wyandot Memorial Hospital

7. Carl F. Karg, President of the Board of Trustees of The Wyandot Memorial Hospital for the benefit of The Blood Bank Fund of Wyandot County, Ohio

8. Benjamin Franklin Chapter of the Sons of the American Revolution

8. Charles R. Petree, II, President of the Benjamin Franklin Chapter of the Sons of the American Revolution

9. The Cresap Society, a national organization of the descendants of Colonel Thomas Cresap of Cumberland, Maryland

9. J. Ord Cresap, Secretary Treasurer of The Cresap Society, a national organization of the descendants of Colonel Thomas Cresap of Cumberland, Maryland

10. Charles H. Lewis Endowment Fund of Ohio Wesleyan University, Delaware, Ohio

10. John Eckler, President of the Board of Trustees of the Ohio Wesleyan University for the benefit of The Charles H. Lewis Endowment Fund of Ohio Wesleyan University, Delaware, Ohio

11. Ohio Wesleyan University, Delaware, Ohio, for the Ohio Beta Chapter of the Phi Delta Theta Fraternity

11. John Eckler, President of the Board of Trustees of The Ohio Wesleyan University, Ohio, for the benefit of The Beta Chapter of the Phi Delta Theta Fraternity, Delaware, Ohio

12. Ohio Northern University, Ada, Ohio

12. F. Bringle McIntosh, Statutory Agent, Ohio Northern University, a corporation.

Sheriffs service was had upon all the persons so named in the petition, except number 9, on or before July 13, 1965.

The first publication of service by publication on number 9 occurred on July 8, 1965. Sheriffs service was also had on or before July 14, 1965, on three natural person legatees, who were not referred to in the petition or the will as also being heirs of the decedent. Service by publication was initiated on July 8, 1965, as to three other natural person legatees, not indicated as being heirs of the decedent. Personal service was attempted at an Ohio post office address on Ruby Culver Smith, a legatee, not indicated as being an heir of the decedent, but was returned without service for the reason that the location of the address was actually in the state of Michigan, and alias service by publication was then initiated with reference to her on September 16, 1965, 71 days after the filing of the petition and original precipe for service.

On August 4, 1965, the "Trustees of Ohio Wesleyan University" filed answer to the petition on behalf of the University and for the benefit of both the Charles H. Lewis Endowment Fund and the Beta Chapter of Phi Delta Theta Fraternity.

On August 7, 1965, F. Bringle McIntosh moved individually for an order "dismissing him as a party defendant."

On August 13, 1965, the plaintiffs moved for leave to amend their petition by deleting the name of F. Bringle McIntosh, Statutory Agent, from the caption and by amending the precipe, summons, and return of summons to show service upon "Ohio Northern University, Ada, Hardin County, Ohio, by serving F. Bringle McIntosh, Statutory Agent."

On September 8, 1965, defendant Fern Culver Erickson, a specific devisee and also residuary legatee and devisee, moved to have the action dismissed for the assigned reason that these organizational legatees had not been made parties to the action in the time prescribed by law.

On September 15, 1965, the plaintiffs moved to make specific amendments to the caption of the petition, the body thereof, the summons and return of summons to, in effect, delete all references to the individuals named as officers or statutory agent of the organizational legatees and to show as the real parties in interest the entities so named in the will as legatees. Before this motion could be heard the plaintiffs caused sheriffs service to be made on each of these entities numbered one

through seven and numbered twelve, as named in the will, and caused service by publication to be initiated with reference to The Cresap Society. Sheriffs service was at such time also attempted on the Benjamin Franklin Chapter of the Sons of the American Revolution, but was returned "not found."

There is nothing in our record to show that the plaintiffs, making service by publication upon the defendants whose residence was known, delivered copies of the first publication to the clerk of the court for mailing to each of such defendants, nor does it appear that the clerk has made an entry on his appearance docket that he has mailed a copy to each defendant, as prescribed by Section 2703.16, Revised Code.

Under these circumstances the Court of Common Pleas found that these organizational legatees were necessary parties to the action and that they had not been made parties to the action, and dismissed the petition; found the motion of F. Bringle McIntosh well taken and dismissed him as a party defendant; found and ordered that plaintiffs' motion to amend as to McIntosh be overruled; found that the petition and not the caption thereto determines the parties necessary to the prosecution of an action, that there has not been proper service on Ruby Culver Smith, no service on unknown heirs, no statement in the petition that all the next of kin are named, no newspaper sent to those entitled to a newspaper, that service on Ruby Culver Smith was 71 days after the filing of the petition, that the Board of Trustees of Wyandot Methodist Church was not served with summons until 61 days after the six-month period had expired from the date of the probate and 79 days after the filing of the petition, that Carl V. Erickson, co-executor, has not been served as co-executor, and ordered that plaintiffs' motion to amend the petition, precipe, summons and return, by deletion and interlineation be overruled. It is from this judgment and final order that the plaintiffs appeal to this court on questions of law.

Plaintiffs contend that the Common Pleas Court erred in sustaining the motion of Fern Culver Erickson to dismiss the petition, erred in granting the motion of F. Bringle McIntosh to dismiss him as a party defendant, and erred in overruling plaintiffs' motion to amend their petition, precipe, summons and return of summons. We consider these assignments together.

In *Lincoln Tavern, Inc.,* v. *Snader,* 165 Ohio St. 61, the Supreme Court of Ohio held that statutes providing for constructive service must be strictly complied with, and, where the record reveals that there was a failure to mail a copy of the publication to a defendant served by publication directed to his place of residence as prescribed by Section 2703.16, Revised Code, the court is precluded from acquiring jurisdiction in the absence of an entry of appearance. The record before us does not show that any copies of the publication were mailed to the known residence addresses of the defendants served by publication, the trial court determined that none were mailed, and we may not, on such record, find differently than did the trial court as to the mailing. We conclude from this that no valid service has been had in this action on the defendants The Cresap Society, Helen Bender Britton, Ruby Culver Smith, Sadie Johnson Newfang and Jane Leighton. However, as these defendants were all legatees, not heirs of the decedent, they were united in interest with other defendant legatees, not heirs, such as Donna Bender Hammer, upon whom valid service was unquestionably had within six months after the decedent's will had been admitted to probate. Thus, under the provisions of Section 2305.17, Revised Code, as it existed prior to its amendment effective October 30, 1965, the action was *commenced* within the six-month limitation as to all such defendants so united in interest even though service was not complete upon all of them, and actual service of summons may be thereafter made at any time upon the remainder of the defendants of that class. *Draher* v. *Walters,* 130 Ohio St. 92. Compare *Staley* v. *Scheck, Exr.,* 99 Ohio App. 242 (motion to certify overruled March 16, 1955). The sixty days of grace for the completion of service of summons provided for by the last paragraph of Section 2305.17, as it read prior to its October 30, 1965, amendment, has no application to situations where one or more members of a class united in interest have been successfully served before the expiration of the limitation period for the commencement of the action. The failure to mail copies of the newspapers to defendants served by publication was thus not grounds for dismissal of the will contest action for, in the absence of circumstances indicating a want of prosecution by the plaintiffs of their will contest action, jurisdiction could be

obtained over such defendants, so united in interest, by proper service made at any time before trial.

There is no requirement in a will contest action that there be an affirmative averment in the petition that all the next of kin are named, or that none are omitted, and, unless it appears affirmatively in the record that there are heirs of the decedent whose names are not known, there is no requirement of service upon unknown heirs of the decedent. The failure here to have such allegation as to next of kin and to serve unknown heirs does not constitute grounds for dismissal of the action.

An examination of the summons issued July 7, 1965, to the Sheriff of Wyandot County shows that he was commanded to notify "1. CARL V. ERICKSON, Co-Executor of the Estate of Charles H. Lewis, * * * 6. CARL V. ERICKSON, President of the Council of the Village of Harpster, * * * that they have been sued," etc. His return showns that "on July 8th, 1965, I served the within named *Carl V. Erickson*, Austin Wagner, Mrs. Betty Jury, *Carl V. Erickson*, Carl F. Karg, Carl F. Karg, and Fern Culver Erickson," etc. (Emphasis added.) Certainly this return is not precise as to the capacity in which the people named in the return were served, but it is apparent that the sheriff served Carl V. Erickson twice, and reference to the summons shows the two capacities in which he was served. We are of the opinion that the law as to service was substantially complied with and that Carl V. Erickson, Co-Executor of the Estate of Charles H. Lewis, was before the court. See, also, *Paulin* v. *Sparrow*, 91 Ohio St. 279, and *Rhodes, Admr.*, v. *Valley Greyhound Lines, Inc.*, 98 Ohio App. 187.

The fact that the Board of Trustees of Wyandot Methodist Church may not, as stated by the trial court, have been served until 61 days after the six-month period had expired is not significant, because it was united in interest with other legatees served before the expiration of the six-month period and, if properly named as a defendant, could have been served at any time thereafter. Moreover, if the prefixing of its name by the name and title of its president was merely surplusage, the first service upon it on July 8, 1965, was valid.

All reasons set forth in the journal entry of judgment of the Common Pleas Court as bearing on the propriety of dismissing the action have thus been disposed of favorably to the

plaintiffs, the appellants herein, except the matter of whether all necessary parties to the action had been made parties to the action. In applying the provisions of Section 2741.02 and 2741.09, Revised Code, the Supreme Court held that it is mandatory that "the interested persons must *be so named and made* parties within the period of six months." (Emphasis added.) *Fletcher* v. *First Natl. Bank of Zanesville*, 167 Ohio St. 211. It thus becomes an issue here whether the naming in a petition of the "organizational" legatees' names in a will by prefixing each of such named with the name and title of the person upon whom service of summons upon such organization or entity should be made is equivalent, or tantamount, to naming such organization or entity without such prefix.

Appellants' motion to amend the petition, precipe, summons and return of summons is based primarily on the pertinent provisions of Section 2309.58, Revised Code:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of any party or a mistake in any other respect, * * *."

In its decision the trial court found some difficulty with permitting amendments as moved for by plaintiffs because of the provisions of Section 2307.03, Revised Code, that "the title of a cause shall not be changed in any of its stages." This provision has primary application to technical requirements as to the form of a caption to a petition and has nothing to do with the amendment of the body thereof to reflect the prosecution or defense of an action by the real parties in interest. *Oetzel* v. *Martin*, 163 Ohio St. 512, and *Lake Shore & Michigan Southern Ry. Co.* v. *City of Elyria*, 69 Ohio St. 414. Notwithstanding the original title of this action, the names of the organizational parties defendant in such title or caption were incorporated in the body of the petition by reference, a practice which if not desirable is nevertheless permissible. *Supreme Commandery* v. *Everding*, 20 C. C. 689, 11 C. D. 419. Plaintiffs' motion for amendment was, therefore, directed as much to the body of the petition as it was to the caption and could not be overruled merely by reason of the provision quoted from Section 2307.03.

In the very recent case of *Porter* v. *Fenner* (1966), 5 Ohio

St. 2d 233, the Supreme Court, in holding that a failure to show the representative capacity of an executor in the caption to a will contest petition, in the precipe for summons and in the summons, was not fatal to the action when it is apparent that his *sole* relation to the estate is that of executor, also held that ''remedial statutes and the proceedings thereunder are to be liberally construed, and no person should be denied the assertion of a cause of action on captious or purely technical grounds.''

In the case of *Spence, Admx.,* v. *Commercial Motor Freight, Inc., of Indiana,* 99 Ohio App. 143, the defendant named in the petition and summons as ''Commercial Freight Lines, Inc., an Indiana corporation,'' did not exist by that name as an Indiana corporation, but ''Commercial Motor Freight, Inc., of Indiana,'' the actual tortfeasor upon which summons was served and which moved to quash the summons, did exist as an Indiana corporation. The Court of Appeals likewise called for liberal construction of Section 2309.58, Revised Code, dealing with amendments, and held that, where it is manifest that the entity sought to be reached in the petition, precipe, and by the service, was actually apprised of the action and was notified in regular manner, the intent of the service is accomplished, and a court may order such defective summons amended without requiring an amended summons to be served, if it be shown that the party served will not be prejudiced thereby. Similarly, see *Taylor, Admr.,* v. *Victor Equipment Co.,* 84 Ohio App. 236. Compare *Chapman* v. *Knickerbocker Amusement Co.,* 85 Ohio App. 215.

In *Maloney* v. *Callahan,* 127 Ohio St. 387, where The W. A. Maloney Company was named in the petition as a corporation and precipe was filed for service on such corporation, but where service was had on W. A. Maloney, an individual, the sheriff indicating in his return that there was no corporation, and Maloney never answered or demurred but moved for vacation of judgment for failure to serve him, the Supreme Court held that ''where summons is duly served on the real party in interest, who is the one actually intended to be sued, even under a wrong or inaccurate appellation, he must take timely advantage of the error by appropriate plea,'' and ''if he fails

to do so, he will be deemed to have waived the defect and will be concluded by the judgment rendered against him."

We note at this point that of the twelve defendants hereinbefore named and served none moved, in the capacity in which served or otherwise, to be dismissed from the action or to have the service quashed. F. Bringle McIntosh did move individually for an order "dismissing him as a party defendant," and the Trustees of Ohio Wesleyan University filed their answer to the petition, both as to the Charles H. Lewis Endowment Fund and as to the Beta Chapter of the Phi Delta Theta Fraternity. Although rule day for pleading by the other nine defendants served has long since passed, none of such nine defendants has made any objection to the jurisdiction of the court over their persons, and the only objection relating to them is that of the movant Fern Culver Erickson relating to the jurisdiction of the court to proceed when it is claimed by her that all the necessary parties have not been properly *named* parties defendant.

None of the twelve organizations or associations named as legatees in the will are natural persons but are associations of natural persons or other entities which can act only by the intervention or action of natural persons as agents for such entities. None of them can be served except by service on natural person agents. Although not all these legatees are corporations in the technical sense, what was said by the Supreme Court as to corporations in the case of *State, ex rel.,* v. *Standard Oil Co.,* 49 Ohio St. 137, is logically applicable to all of these defendants:

"1. That a corporation is a legal entity, apart from the natural persons who comprise it, is a mere fiction, introduced for convenience in the transaction of its business, and of those who do business with it; but like every other fiction of the law, when urged to an intent and purpose not within its reason and policy, may be disregarded."

It is obvious from examination of the petition and the decedent's will (which had been transmitted to the Common Pleas Court as provided in Section 2107.24, Revised Code) that the *sole* relation that these parties defendant as so named in the caption, by reference in the body of the petition, in the precipe, and in the summons and return of summons, have to

the estate of the decedent is in the capacity of the entity by which they are named in the will. The individuals named as officers of these entities have no relation to the estate whatsoever except to provide the natural person agency for the fictitious person principal necessary to protect the interests of such entity as a legatee under the will, and it is apparent that, notwithstanding that each of these organizations was named and served as party defendant with name prefixed by the name and title of an agent upon whom service on such organization could be had, such prefix was surplusage and the real party in interest is not the agent so named but the organization which is his principal.

In summary, though we do not condone the practice, where an organizational legatee has been named party defendant in a will contest action in the petition, precipe, summons and return of summons, with its name prefixed by the name and title of an agent upon whom service upon such organization may be had, and where it is apparent from an examination of the will and the petition that such agent has no relation to the estate except in behalf of his principal whose sole relationship to the estate is in the manner and capacity named as legatee in the will, the prefix of the name and office of the agent is mere surplusage and the real party in interest is not the agent so named but the organization which is his principal. In such case, the surplusage creates a mere misnomer, and the organization (being a necessary party to the will contest action) is made a party defendant when a petition is filed wherein the organization, so misnamed in the caption, is referred to in the body of the petition as a party defendant. Such misnomer may be waived by the organization by action constituting an entry of appearance or by failure to make timely objection thereto. On motion of another defendant such misnomer may not be grounds for dismissal of a will contest action as constituting a failure of the plaintiffs to make all necessary parties parties defendant within the six-month period of time as prescribed by Sections 2741.02 and 2741.09, Revised Code. Upon motion by the plaintiffs, made prior to the trial of the will contest action, to amend the petition, precipe, summons and return of summons, in such manner as to eliminate the surplusage which has created the misnomer, Section 2309.58, Revised Code, is

applicable, and a trial court abuses its discretion and commits error in not sustaining the motion. See, also, 67 Corpus Juris Secundum 1156, Parties, Section 156, and 19 Corpus Juris Secundum 970, Corporations, Section 1292.

We conclude, therefore, that, as specifically applied to the present action, all the necessary parties were made parties to the action in the time required by law, that the action was commenced as to all necessary parties before the expiration of the statute of limitations, that all the necessary parties had been properly served with summons and were before the trial court except those served by publication only whose residence addresses were known (namely, The Cresap Society, Helen Bender Britton, Ruby Culver Smith, Sadie Johnson Newfang and Jane Leighton), and that the Common Pleas Court should have overruled the motion of F. Bringle McIntosh, should have sustained the motion of the plaintiffs to amend, and should have overruled the motion of defendant Fern Culver Erickson to dismiss the petition. The Common Pleas Court, therefore, committed error prejudicial to the plaintiffs in each of the particulars assigned and in entering judgment dismissing the plaintiffs' petition. For these errors, the judgment and orders on the motions are reversed and vacated and the cause is remanded to the Common Pleas Court for appropriate rulings on the motions and for further proceedings as provided by law.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.